## JAMES LOOMIS v. LEWIS A. BASS.

PETITION IN ERROR—*Jurisdiction*—*Amount in Controversy.* Under ¶ 4642, General Statutes of 1889, the record brought to this court must affirmatively show that the court has jurisdiction, or the case will be dismissed. Such jurisdiction can be shown by making the record show that the amount or value of the controversy exceeds $100, or by incorporating therein a certificate of the district judge showing that the case is within the exception of such statute.

### *Error from Cowley District Court.*

EJECTMENT. Trial at the October term, 1888, and judgment for defendant, *Bass.* The plaintiff, *Loomis,* comes here.

*Z. T. Armstrong,* for plaintiff in error.

*Shartel, Brown & Cottingham,* for defendant in error.

Opinion by Strang, C.: This was an action in ejectment for lot 5, in section 36, township 34 south, of range 3 east, said land being that part of the southwest quarter of section 36 lying south of the Arkansas river. The case was tried by the the court without a jury, which found the issues in favor of the defendant. Motion for new trial was overruled, and judgment rendered on the finding for the defendant for his costs. The land involved was a part of the school land of the state, and the plaintiff for his title relied on a patent from the state to one Frank Gallotti, and a quitclaim deed from Gallotti and wife to himself. The defendant relied for his title upon a sheriff's deed to one A. J. Chapel, and a deed from said Chapel and wife to himself. Several errors are alleged in the case. But the contention of the defendant in error is, that the case is not properly before this court for review, that the record nowhere shows the value in controversy in the case, and that, because of the silence of the record upon this point, it must be presumed that such value is under the jurisdictional limit of this court, and that as there is no certificate of the trial judge in the record showing the cause to be one of the

·excepted cases under the statute, this court has no jurisdiction.
It is conceded that this court may examine a case-made for
the purpose of ascertaining the amount involved in the con-
troversy, but the right of the court to look into conflicting
·evidence in the record to ascertain whether or not the contro-
versy falls within the excepted cases of the statute is nega-
tived.    The statute, (¶ 4642, Gen. Stat. of 1889,) reads as
follows:

"No appeal or proceeding in error shall be had or taken to
the supreme court in any civil action unless the amount or
value in controversy, exclusive of costs, shall exceed $100,
except in cases involving the tax or revenue laws, or the title
to real estate, or an action for damages in which slander, libel,
malicious prosecution or false imprisonment is declared upon,
or the constitution of this state, or the constitution, laws or
treaties of the United States, and when the judge of the dis-
trict or superior court trying the case involving less than $100
shall certify to the supreme court that the case is one belong-
ing to the excepted classes."

We think that the objection to the consideration of this case
by this court is good.    But we do not think it necessary to go
so far as to say, because the record is silent as to the value of
the controversy, that we must presume the value is less than
the jurisdictional limitation of this court.    We think the ob-
jection to the consideration of this case by this court upon its
merits is good because the record does not show the amount
of the controversy, and there is no certificate of the trial judge
showing that the case is within any of the excepted classes of
cases named in ¶ 4642, General Statutes of 1889, limiting the
jurisdiction of this court.    We think the record must affirma-
tively show that this court has jurisdiction.    The statute says:
"No appeal or proceeding in error shall be had or taken to
the supreme court in any civil action unless the amount or
value in controversy, exclusive of costs, shall exceed $100, ex-
cept" in cases specified therein, and then only upon a cer-
tificate of the trial judge showing that the case is within the
exception provided in the statute.    A fair construction of this
language of our statute requires the party appealing to show
that his case is within the statute, either by making the rec-

ord show the amount or value of the controversy, or by including in the record a certificate of the trial judge showing the case to be within the exception of the statute.

In Hayne's New Trial and Appeal, (ch. 67, § 265, subdiv. 2,) we find the following upon this subject:

"On the other hand, the transcript must contain everything which is necessary to show that a valid appeal has been taken. Thus, it must affirmatively appear in the transcript that the case is within the jurisdiction of the supreme court."

In *Hoyt v. Stearns*, 39 Cal. 92, Crockett, judge, delivering the opinion of the court, upon a like question, says:

"It is incumbent upon a party appealing to this court to show affirmatively, by the record, that the amount in controversy is sufficient to authorize an appeal. Nothing of the kind appears in this record, and the appeal must, therefore, be dismissed."

This case seems to be squarely in point, and settles the question in accord with what we regard a fair construction of our statute, and also in consonance with good practice.

We therefore recommend that the case be dismissed.

By the Court: It is so ordered.

All the Justices concurring.