## The Missouri Pacific Railway Company v. Charles M. Kimball.

CONSTITUTIONAL QUESTION — *Limits of Review.* Where a case is brought to the supreme court upon the certificate of the district judge that there is a constitutional question involved in the action, and the amount sued for is less than $100, exclusive of costs, no other question can be considered than the one assigned in the certificate of the judge; and where such constitutional question has already been passed upon adversely to the plaintiff in error, the judgment must be affirmed.

*Error from Wilson District Court.*

THE opinion states the case.

*J. H. Richards,* and *C. E. Benton,* for plaintiff in error.

*J. K. Demoss,* for defendant in error.

Opinion by GREEN, C.: The plaintiff in error brings this case here upon the certificate of the trial judge that there is a constitutional question involved in the action. The suit was brought to recover the value of a fence claimed to have been built along the right-of-way of the railroad operated by the plaintiff in error. The action was based upon the provisions of ¶¶ 1317–1320 of the General Statutes of 1889; and the amount in controversy was less than $100, exclusive of costs. The validity of that statute was challenged in the district court. Since the trial of this case in the court below, the statute has been upheld. (*Mo. Pac. Rly. Co. v. Harrelson,* 44 Kas. 253.)

The constitutional question upon which the case was brought here having been settled by this court, we cannot pass upon the other questions discussed by counsel. The object of the law was to limit appeals and proceedings in error, where the amount in controversy did not exceed $100. The legislature made certain exceptions, such as cases covering tax or revenue laws, or where there was a constitutional question to be settled. The supreme court obtains jurisdiction of this case through the certificate of the district judge that there is a constitutional question to be determined. Our jurisdiction is limited to that question, and, it having already been decided adversely to the plaintiff in error, it follows that the judgment of the district court should be affirmed.

By the Court: It is so ordered.

All the Justices concurring.