WILLIAM H. CLARK v. THE CITY OF OTTAWA.

RECORD ON APPEAL — *Jurisdiction* — *Dismissal.* Under § 1, chapter 245, Laws of 1889, the record brought to this court must affirmatively show that the court has jurisdiction, or the case will be dismissed. And when the record shows that the amount or value in controversy is less than $100, there must be incorporated in the record a certificate of the district judge showing that the case is within the exception of the statute, and a mere statement to that effect, signed by the judge and affixed to but forming no part of the record, confers no jurisdiction upon this court.

MEMORANDUM.—Error from Franklin district court ; A. W. BENSON, judge. Action by the city of Ottawa against William H. Clark. Judgment for plaintiff, and the defendant brings the case here. Dismissed.

The case is sufficiently stated in the opinion, filed July 6, 1895.

*William H. Clark*, plaintiff in error, for himself.

*William A. Deford*, for defendant in error.

The opinion of the court was delivered by

COLE, J. :   This is an action brought by the city of Ottawa against William H. Clark to recover a fee of $72 claimed by the city to be due on account of said Clark having connected his premises with the sewer-mains of said city.

A jurisdictional question confronts us at the outset. The amount involved in this appeal is less than $100, and, unless it is one of the excepted cases, and a certificate to that effect forms part of the record, this court has no jurisdiction. (*Loomis v. Bass*, 48 Kas. 26.) Attached to the papers in this case is a statement which reads as follows (omitting caption) : ''The above-entitled action, involving the tax or revenue law, is one belonging to the excepted classes as provided in § 1, chapter 245, Laws of 1889. A. W. BENSON, *Judge.*'' This is not a certificate as contemplated by the statute, nor is it in any sense incorporated in the record so as to give this court jurisdiction.   While it now appears affixed to the record, it is no part of it ; and it further appears, by the copy made upon the filing of this case in the supreme court, that even this bare statement was not included in the papers then filed.

For these reasons this court has no jurisdiction, and the action is dismissed.

All the Judges concurring.