JAMES P. POMEROY V. HENRY SCHWENDENER *et al.*
NO. 51.

COURTS OF APPEALS—*Record Must Show Jurisdiction.* When the record filed for the review of a judgment of the district court does not affirmatively show that the value of the property in controversy, exclusive of costs, exceeds $100, and the case does not belong to one of the excepted classes of appealable cases, it must be dismissed for want of jurisdiction.

MEMORANDUM.—Error from Graham district court; CHARLES W. SMITH, judge. Action by James P. Pomeroy against Henry Schwendener and others. Judgment for defendants. Plaintiff brings the case to this court. Dismissed. The opinion herein, filed January 9, 1896, states the case.

*H. M. Baldwin,* and *Z. C. Tritt,* for plaintiff in error.
*H. J. Harwi,* for defendants in error.

The opinion of the court was delivered by

GARVER, J. : The plaintiff in error, Pomeroy, commenced this action in the district court of Graham county to enjoin the removal of a frame stable from certain lots in Hill City which he had purchased at a sheriff's sale made pursuant to a judgment of foreclosure of a mortgage held thereon by him. The premises were bid in by him for $75. A temporary injunction was granted by the probate judge, which, on motion of the defendants, was dissolved by the district court. To reverse this order these proceedings in error were instituted. The subject of controversy is a certain frame stable situated on the mortgaged lots. The evidence does not show its value, but the petition for the injunction alleges that the plaintiff purchased the lots and building at the sher-

iff's sale for $75, and that the lots, exclusive of the stable, are not worth to exceed $10. A proceeding in error cannot be taken to this court or to the supreme court, in any civil action, "unless the amount or value in controversy, exclusive of costs, shall exceed $100," except in certain specified classes of cases to which this case does not belong. Accepting the allegations of the petition in this case as the only evidence of the amount or value in controversy, it is clear that the case was not appealable. But, without this, the result would be the same, for the record must in all cases affirmatively show jurisdiction. (*Loomis v. Bass*, 48 Kan. 26; *Packard v. Packard*, 56 id. 132, 42 Pac. Rep. 335.)

If we look to the merits of the case, we find little conflict in the evidence as to the ownership of the stable in controversy. The preponderance of the evidence goes to show that the stable was not on the land at the time the mortgage was executed; that it never belonged to the owner of the lots, but was moved thereon with his consent by other persons. The building was not placed upon a permanent foundation and could be easily removed without injury to it or the lots. We think the decision of the court is amply supported in the evidence.

For the reasons first given the case will be dismissed.

All the Judges concurring.