C. W. VANDEMARK v. MRS. C. JONES *et al.*

No. 81.

1. JURISDICTION — *What Record Must Show.* Under section 542*a*, code of civil procedure, the record brought to this court must affirmatively show that this court has jurisdiction or the case will be dismissed, although no question of jurisdiction be raised in this court by either party.

2. ——— *How Shown.* Such jurisdiction can be shown by making the record show that the amount or value in controversy exceeds $100, or by incorporating therein a certificate of the district judge showing that the case is within the exception of such statute.

MEMORANDUM.—Error from Cloud district court; F. W. STURGES, judge. Action in ejectment brought by C. W. Vandemark against Mrs. C. Jones and others. Judgment for defendants. Plaintiff brings the case to this court. Dismissed. The opinion herein, filed September 12, 1896, states the material facts.

*C. W. Vandemark*, plaintiff in error, for himself.

*L. J. Crans*, and *W. S. Cannon*, for defendants in error.

The opinion of the court was delivered by

GILKESON, P. J.: This was an action in ejectment for lots 1, 2, and 3, block 15, in Huntington's addition to the city of Clyde, Cloud county, Kansas. The case was tried by the court, which found the issues in favor of the defendant. Motion for a new trial was overruled, and judgment rendered on this finding for the defendant for his costs. Plaintiff brings the case here for review.

The condition of this case in this court is precisely the same as that of *Skoin v. Limeriek*, 50 Kan. 466.

We cannot, then; do better than to quote the language of VALENTINE, J., in delivering the opinion in that case :

"Before we can reverse the decision of the court below, it will be necessary for us to know that we have jurisdiction of the case, and this although in fact no question of jurisdiction has been raised by either party. Indeed, the defendant in error, John F. Limerick, who was plaintiff below, and who would naturally be the person to raise such a question, has not made any appearance in this court, nor has any appearance in this court been made for him. We think, however, it is the duty of this court, on its own motion, where the question is not otherwise raised, to raise the question itself, and to consider the same."

The record is silent as to value in any amount, and, as there is no certificate of the trial judge in the record showing the cause to be one of the excepted cases under the statute, this court has no jurisdiction. The statute limiting the jurisdiction of this court, section 542a, Code of Civil Procedure (Gen. Stat. 1889, ¶ 4642), provides :

"No appeal or proceeding in error shall be had or taken to the supreme court in any civil action unless the amount or value in controversy, exclusive of costs, shall exceed one hundred dollars ($100), except in cases involving the tax or revenue laws, . . . and when the judge of the district court or superior court trying the case involving less than one hundred dollars ($100) shall certify to the supreme court that this case is one belonging to the excepted classes."

A fair construction of this language of our statute requires the party appealing to show that his case is within the statute, either by making the record show the amount or value of the controversy, or by including in the record a certificate of the trial judge showing the case to be within the exception of the statute. (*Loomis v. Bass*, 48 Kan. 26.)

As to the record, we will say that upon examination thereof we could not say that there was any error committed by the trial judge, owing to the manner in which it is made up. Six papers are found therein, but without any identification as to what they are or refer to. None of them is marked as an exhibit, and while the agreed statement of facts refers to certain papers attached, but not as exhibits, it is impossible to tell from the papers themselves whether or not they are the ones referred to.

The case will be dismissed.

All the Judges concurring.