The Mutual Benefit Life Insurance Company v. Samuel Sackett, Jesse W. Bales and Mrs. —— Bales, *his Wife.*

No. 66.

1. Case-made—*unnecessary statement in certificate of judge is surplusage.* All statements in the certificate of the trial judge to a case-made not necessary for the purpose of merely showing that the case is properly settled, should be treated as surplusage.

2. —————— *portion of paragraph 4650, General Statutes of 1889, relating to, directory.* That portion of paragraph 4650, General Statutes of 1889, which says: "And if no amendments are suggested by the opposing party, as above provided, said case shall be taken as true and containing a full record of the cause, and certified accordingly," is construed to be directory only and not mandatory.

3. ———— *judge should examine statements in.*  When a case-made is presented to the trial judge for settlement, it is his duty to examine its statements whether amendments are suggested or not, and to see that they are true before he signs them.

4. ———— *settlement of, is a judicial act.*  The settlement of a case-made includes the judicial operation of the mind of the trial judge by which he determines that the statements therein contained are true, and the making of a certificate which will show that he has made such a determination.

Error from Butler District Court.  Hon. C. A. Leland, Judge.  Opinion filed May 13, 1897.  *Dismissed.*

*Beardsley & Gregory,* for plaintiff in error.

*Wall & Brooks,* for defendants in error.

DENNISON, P. J.   At the January, 1896, term of this court this case was submitted to us upon the briefs of both parties.  The case was then considered by us upon the motion of the defendants in error to dismiss the petition in error for the reason that no sufficient case-made or transcript was attached thereto.  On the sixth of February, 1896, an opinion written by Cole, J., was filed, sustaining the motion to dismiss for the reason that the case-made was not properly authenticated by the court below.

The case-made contains a stipulation of which the following is a copy :

" It is hereby stipulated and agreed by and between counsel for plaintiff and defendants that the case-made heretofore served by plaintiff upon said counsel for defendants may be signed and settled by the judge of said court in its present form, counsel for defendants having no amendments to suggest."

Following this is the certificate of the judge which reads as follows :

" State of Kansas, Butler County :

" I, C. A. Leland, Judge of the District Court of Butler County, Kansas, do hereby certify that I am the

662          MUTUAL INS. CO. v. SACKETT.

S. Dept.          Opinion.   Dennison, P. J.          5 Kan. App.

judge before whom was tried the above entitled action in said court; that the foregoing case-made contains a true and correct copy of the pleadings filed therein, and a true, full and correct statement of all the proceedings, evidence, objections, exceptions, motions and orders therein, and of the judgment rendered therein; and the clerk of said court is hereby ordered to attest this certificate with his official signature and the seal of the said court, and to file the said case-made as a part of the records of said court in said action.

C. A. LELAND,
*Judge of the District Court, Butler County, Kansas.*

Attest hand and seal of said court.— J. F. TODD, Clerk of the District Court, Butler County, Kansas. By A. Swiggett, Deputy.''

It was contended by the defendants in error that the language of the certificate is not sufficient to show that the judge settled the case-made as he is required to do by the statutes as interpreted by the Supreme Court in *National Bank v. Becannon* (51 Kan. 716), *Allen v. Krueger* (25 id. 74), and cases therein cited. In addition to the doctrine laid down in these authorities, the court had before it the decision in the case of *Mudge v. National Bank* (56 Kan. 353), when this question came before us. Upon these authorities we unhesitatingly sustained the motion and the case was ordered dismissed. On February 26, 1896, the plaintiff in error filed a petition for a rehearing. One of the grounds upon which it is claimed this court erred in its ruling is, that no amendments were suggested to the case-made and that therefore the judge had nothing to settle.

Our attention was specially called to the language of the latter part of paragraph 4650 of the General Statutes of 1889 which says: ''If no amendments are suggested  .  .  .  said case shall be taken as true and containing a full record of the cause, and certified accordingly.''

MUTUAL INS. CO. v. SACKETT.                663

May 13, 1897.      Opinion.   Dennison, P. J.      C. Div.

This provision had not been carefully considered by us, and so far as we could ascertain, had not been considered by the Supreme Court; and we granted a rehearing of this case so that this matter could be fully briefed and discussed, and that we might give the question a careful consideration.

The statutes of Kansas relating to the authentication of a case-made are contained in paragraphs 4649 and 4650 of the General Statutes of 1889, which read as follows :

" 4649.  The case so made, or a copy thereof, shall, within three days after the judgment or order is entered, be served upon the opposite party or his attorney, who may within three days thereafter suggest amendments thereto in writing, and present the same to the party making the case or his attorney.  The case, and amendments shall be submitted to the judge, who shall settle and sign the same, and cause it to be attested by the clerk, and the seal of the court to be thereto attached.    It shall then be . filed with the papers in the case.   A certified copy thereof shall be filed with the petition in error.   The exceptions stated in a case-made shall have the same effect as if they had been reduced to writing, allowed and signed by the judge at the time they were taken.

" 4650.  The court or judge may, upon good cause shown, extend the time for making a case and the time within which the case may be served ; and may also direct notice to be given of the time when the case may be presented for settlement after the same has been made and served, and amendments suggested, which when so made and presented shall be settled, certified and signed by the judge who tried the cause ; and the case so settled and made shall thereupon be filed with the papers in the cause ; and in all causes heretofore or hereafter tried, when the term of office of the trial judge shall have expired, or may hereafter expire before the time fixed for making or settling and signing a case, it shall be his duty to

664    MUTUAL INS. CO. v. SACKETT.

S. Dept.        Opinion.    Dennison, P. J.        5 Kan. App.

certify, sign and, settle the case in all respects as if his term had not expired; and if no amendments are suggested by the opposing party, as above provided, said case shall be taken as true and containing a full record of the cause, and certified accordingly.''

The portions of these two paragraphs which define the duties of the judge may be said to be as follows:

'' The case, and amendments shall be submitted to the judge, who shall settle and sign the same, and cause it to be attested by the clerk, and the seal of the court to be thereto attached.''

'' The court . . . may . . . extend the time for making a case and the time within which the case may be served; and may also direct notice to be given of the time when the case may be presented for settlement after the same has been made and served, and amendments suggested, which when so made and presented shall be settled, certified and signed by the judge who tried the cause; . . . and if no amendments are suggested by the opposing party, . . . said case shall. be taken as true and containing a full record of the cause, and certified accordingly.''

Prior to the adoption of a case-made, the manner of bringing a case from the trial court to the reviewing court was by a transcript of the record duly certified by the clerk of the trial court. The evidence and rulings thereon were made part of the record by a bill of exceptions which must have been reduced to writing, allowed and signed by the judge at the time they were taken. In a case-made the judge not only allows the exceptions, but he settles all controversies as to the record as well. His certificate and signature when attested by the clerk have the same force and effect as the certificate of the clerk to a transcript, and the allowance of the bill of exceptions by the judge.

A case-made should set out so much of the record, evidence and proceedings as is necessary to present

to the reviewing court a full statement of the errors complained of.

The counsel for defendant in error can examine the case served upon him and determine whether the statements contained therein are true. If the statements *as made* are true he has no further concern in the matter. It is immaterial to him whether the case is complete and sufficient or not. If the statements are not true, he can suggest such amendments to the case as will make them speak the truth. The controversies which arise in the statements in the case and the amendments suggested are settled by the judge who tried the case. If no amendments are suggested the statements in the case *may* be taken as true, and the case is certified accordingly.

The question then arises as to what the certificate of the judge must show. It is evident that it should not add anything, not necessary for the purpose of merely showing that the case is properly settled, to the statements which were contained in the case at the time it was served upon the opposite party, for the reason that if any other statements are to be added to the case he may desire to suggest amendments to the added statements.

1. Unnecessary statements in certificate.

This principle is fully elucidated in *Eddy v. Weaver* (37 Kan. 540), and cases there cited. All such statements in a certificate should be treated as surplusage, for the reason that, if the statements are in the case-made, they stand as true, and if they are not in the case-made they are improperly contained in the certificate.

Analyzing the certificate of the judge in the case at bar according to this principle, we should treat as surplusage and eliminate therefrom the following words:

" That the foregoing case-made contains a true, and

666     Mutual Ins. Co. v. Sackett.

S. Dept.          Opinion.   Dennison, P. J.        5 Kan. App.

correct copy of the pleadings filed therein ; and a true, full and correct statement of all the proceedings, evidence, objections, exceptions, motions and orders therein, and of the judgment rendered therein."

The certificate would then read as follows :

"I, C. A. Leland, judge of the District Court of Butler County, do hereby certify that I am the judge before whom was tried the above-entitled action in said court . . . and the clerk of said court is hereby ordered to attest this certificate with his official signature, and the seal of said court, and to file the said case-made as a part of the records of said court in said action."

This certificate is properly signed and attested. Is this certificate a proper authentication of a case-made when no amendments are suggested?

"The signature of the judge to a case-made . . . imports the truthfulness of the preceding statements in such case . . . nothing more." *Brown v. Johnson*, 14 Kan. 377.

If the certificate of the judge imports the truthfulness of a case-made, is the judge compelled by the provisions of paragraph 4650, *supra*, to certify a case-made when it does not speak the truth? Suppose a case-made is presented to the judge for settlement, to which no amendments have been suggested and which contains statements that the judge knows are untrue. Suppose that some of these false statements relate to instructions claimed to have been given by the judge, or some of them relate to the misconduct of the judge ; must he certify that these statements are true when they are clearly and palpably false? A strict literal interpretation of the latter part of paragraph 4650, *supra*, would seem to indicate that this must be done. It says :

4. Statute directory.

"If no amendments are suggested by the opposing party, as above provided, said case *shall* be taken as

true and containing a full record of the cause, and certified accordingly."

In order to give force to this provision, and harmonize it with the other paragraphs relative to the preparation of cases-made, we must construe this portion of the paragraph to be directory only and not mandatory. If the word "may" had been used instead of the word "shall," it would perhaps more nearly voice the intention of the Legislature. If no amendments are suggested the case *may* be taken as true. In any event the judge must make his certificate according to the truth as he decides it to be. We are satisfied that this is the correct interpretation to be given to the language used. This harmonizes the statutes and the decisions of the Supreme Court upon this subject.

Paragraph 4648, *id.*, provides that a party may make a case containing a statement of so much of the proceedings, etc., as may be necessary to present the errors complained of. Will it be contended that the judge must certify that a case-made contains a full record of the cause, when it only purports to and does contain but a portion thereof? If the word "*shall*" is mandatory he must; if directory, he may certify according to the truth.

Suppose a case-made is presented to the trial judge and, although no amendments have been suggested, he decides that it does not speak the truth; must he certify that it does? Our Supreme Court has held, and we think correctly, that the judge need not so stultify himself, and that his decision that the case-made does not speak the truth is final.

3. Judge should examine case-made.

"The judge of the district court, in settling a case-made for the supreme court, has the power, on his own motion or at the suggestion of either party, and

'668        MUTUAL INS. CO. v. SACKETT.

S. Dept.        Opinion.   Dennison, P. J.        5 Kan. App.

before signing such case-made, to make such altera-
tion in the case-made, such erasures and additions, as
may be necessary to make the case-made speak the
truth." *Sloan v. Beebe*, 24 Kan. 343.

"The trial judge, in settling a case-made for the
supreme court, has the power, before signing, on his
own motion and without suggestion of amendments
in writing from the adverse party, to make such al-
terations, erasures and additions in it as may be neces-
sary to make it speak the truth.

"The decision of the trial judge, that a case-made,
as prepared for his signature by one of the parties to
the action, is untrue, is conclusive and final." *Build-
ing Association v. Beebe*, 24 id. 363.

When a case-made is presented to the trial judge
for settlement, it is his duty to examine its state-
ments, whether amendments are suggested or not, and
to see that they are true. If he is not satisfied with
the statements in the case-made, it is his duty to
either change them or to require them to be changed
until they speak the truth.

The settlement of a case-made includes the judicial
operation of the mind of the trial judge by which he
determines that the statements therein
contained are true, and the making of a
certificate which will show that he has
made such a determination. When this certificate is
signed by the trial judge and his signature attested
by the clerk under the seal of the court, the case-made
is properly authenticated and ready to be placed
among the files of the district court.

Looking at the certificate of the case at bar, elim-
inating the surplusage therefrom, we find no indica-
tion that the judge had determined that the statements
contained in the case-made are true. He certifies
that he is the judge before whom the case was tried

*4. Settlement of
case-made is
judicial act.*

and orders the clerk to attest this certificate. This is clearly not sufficient. The motion to dismiss will be sustained.