The Missouri Pacific Railway Company v. M. D. Hartman, and Ina Mead, *Administratrix of the Estate of J. D. Mead.*

### No. 148.

Statement — *of plaintiff's case showing no title to relief, judgment for defendant proper.* The court rendered judgment against plaintiff upon his statement of his case, such statement showing that he was not entitled to the relief sought. *Noble. v. Frack,* post, 48 Pac. Rep. 1004, distinguished.

Error from Bourbon District Court. Hon. J. S. West, Judge. Opinion filed June 9, 1897. *Affirmed.*

This proceeding in error is brought to reverse a judgment rendered by the District Court of Bourbon County, in September, 1892, in favor of M. D. Hartman and J. D. Mead, copartners under the firm name of M. D. Hartman & Co., and against the plaintiff in error. The action was brought by the latter to recover the sum of $357.68. When the case came on for trial, a jury having been waived, counsel for plaintiff made a statement of its case to the court, as follows :

" In the year 1890, M. D. Hartman and J. D. Mead were partners, doing business under the firm name and style of M. D. Hartman & Co. Some time in June, 1890, Hartman & Co. entered into an agreement and contract with the plaintiff, whereby they agreed to build and construct, at their own expense and without cost to the plaintiff, a railroad grade from the main line of plaintiff's track in the city of Fort Scott, Kan., to an ice house owned, used and operated by them in that city. In consideration of the construction of the grade by defendants, the plaintiff agreed to lay the ties and iron rails on the grade, thus making a spur track from the main line of the plaintiff's railroad track to the ice house in said city. One of the purposes of the construction of this spur track

was to accommodate the defendants in and about shipments. In pursuance of the agreement the defendants, Hartman & Co., entered into a contract with one T. K. Martin, for the construction of this grade. T. K. Martin had no direct contract with the railroad for the construction of the grade. After making his contract with Hartman & Co., Martin employed a large number of laborers to perform the work necessary for the construction of the grade; and after the grade was constructed the plaintiff fully performed its agreement by laying the ties and iron rails thereon. None of the laborers who constructed the grade, the value of whose labor was $357.68, were paid by Hartman & Co. or by T. K. Martin. After the grade had been constructed by the laborers who were employed as aforesaid, the amounts earned by each of them being due and unpaid, they instituted actions against the plaintiff, in a court of competent jurisdiction, and obtained judgments against it. One of these actions, at least, was appealed to the District Court of Bourbon County and was again decided in favor of the laborers. All of the judgments rendered in favor of the laborers and against this plaintiff, amounting to $357.68, were for work and labor performed in the construction of the grade. The defendants in this action have at all times failed and refused to pay any of the laborers, or any of said judgments, and have failed and refused to pay this plaintiff the amount which it was forced to pay in settlement of said claims, or judgments, though often requested by this plaintiff so to do. No bond was taken by the Missouri Pacific Railway Company from the defendants, Hartman & Co. The spur track was, after completion, to be operated by the Railway Company to the ice house.''

The court found that, under the above statement, the plaintiff was not entitled to a recovery, and rendered judgment accordingly, in favor of defendants for costs.

The plaintiff's petition and its statement set forth

the same facts, with these exceptions: The petition gave the names of the laborers and the wages each claimed, and showed that only one of the judgments rendered against the Company by the justice of the peace was appealed from, the same being for $15.90 and costs; while a judgment for $264.73 in favor of the assignee of a large number of the claims was not appealed from. It did not contain the averments, that Hartman & Co. had entered into a contract with one Martin for the construction of the grade; that Martin had no direct contract with the Railway Company; that he employed the laborers; and that no bond was taken by the Railway Company from Hartman & Co.

A motion for a new trial was filed and overruled, the plaintiff excepting. After the proceedings in error were begun the defendant, J. D. Mead died, and the action was revived in this court in the name of the administratrix of his estate.

*J. H. Richards*, and *C. E. Benton*, for plaintiff in error.

*J. D. McCleverty*, for defendants in error.

Milton, J.   The only question for our determination is: Were the defendants below entitled to judgment upon the statement of the case made by plaintiff's counsel?

It does not appear from the statement or the petition that this contract was in writing, and we are not informed concerning the ownership of the land upon which the grade was constructed. It would be reasonable to infer that the defendants were the owners of the land and that they were to own the grade when it should be built. Thus viewed, it is difficult to see how there could be any obligation on the part of the

584    Mo. Pac. Rly. Co. v. Hartman.

S. Dept.          Opinion.  Milton, J.      5 Kan. App.

Railway Company to pay for the construction of the grade. It may be that, under the Mechanic's Lien Law, the laborers could have secured liens upon it, against the defendants, for unpaid wages ; but they were not performing any labor for the Railway Company or its contractor. Martin, the contractor, had no contractual relation with the Company, and it would not have been liable to any laborers except under a contract made with it, and upon which it would be originally liable.

As to the judgments obtained against the Company, we note that one was for the sum of $264.73, more than two-thirds of the amount of all the judgments. This was settled in the justice's court, although the Company had here an opportunity to test the question of its liability, if need be, by successive appeals. It may be that the Company lost the cases because of its own negligence in respect thereto, or because of its expectation of a recovery from Hartman & Co.

As the defendants were to build their own grade and afterwards the Company was to lay the ties and iron for their accommodation, it seems clear that the Company could not be held liable for anything that the defendants were to do. Not being obligated in any wise for the debts of the defendants it could not voluntarily pay such debts and then obtain reimbursement by suing therefor.

Paragraph 1257, General Statutes of 1889, is as follows :

"That whenever any railroad company shall contract with any person for the construction of its road or any part thereof, such railroad company shall take from the person with whom such contract is made, a good and sufficient bond, conditioned that such person shall pay all laborers, mechanics and material men, and persons who supply such contractor with

provisions or goods of any kind, all just debts due to such persons, or to any person to whom any part of such work is given, incurred in carrying on such work, which bond shall be filed by such railroad company in the office of the register of deeds in each county where the work of such contractor shall be ; and if any such railroad company shall fail to take such bond, such railroad company shall be liable to the persons herein mentioned to the full extent of all such debts so contracted by such contractor.''

Prior to the passage of this statute a railroad company was not liable in any way for such debts. Whoever seeks to enforce it must show all the facts required by the statute, one of which is that a contract was entered into by the railroad company. *A. T. & S. F. Rld. Co. v. Cuthbert*, 14 Kan. 212; *M. K. & T. Rly. Co. v. Brown*, 14 id. 557.

It follows that, since there was no contractual relationship between the Railway Company and the defendants, there could be no liability on the part of the Railway Company, nor any right of action over against the defendants. Neither the petition nor the statement of facts claims that the defendants had failed to pay the contractor, Martin. If they paid the contractor and he failed to pay the laborers, they might be liable under the law concerning mechanics' liens. If the defendants had not paid their contractor, he or his assignee, not the Railway Company, would have had a right to sue the defendants. The statement specifically says that Martin had no contract with the Railway Company, that after making his contract with Hartman & Co. he employed the laborers, and that no bond was taken by the Company from the defendants.

This case comes within the doctrines laid down by our Supreme Court in *Lindley v. A. T. & S. F. Rld. Co.*

( 47 Kan. 432), where it is said that a defendant is entitled to a judgment against the plaintiff upon the latter's statement of his case, only when such statement "admits or states facts, the existence of which absolutely precludes a recovery by him." It seems plain that plaintiff was not entitled to a recovery under its statement and petition.

In *Noble v. Frack*, just decided by this court, *post*, we held that such a statement should be liberally construed, and that a demurrer to it should be overruled if the statement was merely incomplete, and if it, when supported by the allegations of a good petition, set forth facts sufficient to constitute a cause of action. In this case the petition and statement together do not come within the rule thus announced.

The judgment of the District Court will be affirmed.