The Atchison, Topeka & Santa Fe Railroad Com-
   pany, and the Chicago, Kansas & Western
   Railroad Company v. R. A. Anderson.
                         No. 417.

1. Appellate Jurisdiction — *case belonging to excepted classes
   must be so certified.* That the amount or value in controversy
   exclusive of costs exceeds one hundred dollars, is a jurisdictional
   question and cannot be inferred ; it must affirmatively appear in
   the record presented to this court, or the judge trying the case
   must certify that it is one belonging to the excepted classes.

2. Case-made — *certificate cannot be withdrawn and new cer-
   tificate made.* When a case-made has been allowed, certified,
   signed, attested and filed as a case-made for the Supreme Court,
   the judge trying the case cannot of his own motion, without notice,
   withdraw the case, and add thereto another and different certifi-
   cate, although the time allowed by the court for the settlement of
   the case has not expired.

3. ———— *settled, signed and certified, district judge has lost
   control of.* When a case-made has been settled, signed and cer-
   tified by the district judge trying the case, and the same attested
   and filed as a case-made for the Supreme Court, it has passed
   beyond his control, and cannot thereafter be amended, altered
   or changed by any order he may make. *Lewis v. Linscott,* 37
   Kan. 379.

4. ———— *certificate must be incorporated in record.* The cer-
   tificate of the judge of the district court, required by section
   542*a* of the Code where the amount involved is less than one
   hundred dollars, to confer jurisdiction, must be incorporated in
   the record presented to this court.

5. ———— *judge's certificate confers appellate jurisdiction.*
   Where a case is brought to this court upon the certificate of the
   judge trying the case that it is one belonging to the excepted
   classes, the certificate confers jurisdiction, and evidence *aliunde*
   the record is not admissible to prove that the amount or value in
   controversy, exclusive of costs, exceeds one hundred dollars.

Error from Sumner District Court. Hon. James A.
Ray, Judge. Opinion filed June 9, 1897. *Dismissed.*

708    A. T. & S. F. Rld. Co. v. Anderson.

S. Dept.          Opinion.   Schoonover, J.          5 Kan. App.

*A. A. Hurd, O. J. Wood,* and *F. W. Bentley,* for plaintiff in error.

*A. A. Richards,* and *James Lawrence,* for defendant in error.

Schoonover, J. This is an action in ejectment, without demand for rents or profits, for the recovery of a strip of land which had been condemned by the LeRoy & Western Railway Company for a right of way. There was a judgment of ouster. The case is now before this court upon a motion to dismiss for want of jurisdiction. The motion alleges, that the amount or value in controversy, exclusive of costs, does not exceed one hundred dollars ; that there is no certificate of the judge of the district or superior court trying the case, that it is one belonging to the excepted classes.

We have examined the record for the purpose of ascertaining the amount or value in controversy. It cannot be determined, unless we accept the report of the condemnation commissioners. They report : "Value of land taken $76.50, amount of damages to land not taken $90 ; total, $166.50."

This action is to recover the land taken ; and the value of the leasehold of plaintiff in error, or the value of the defendant in error's legal or equitable estate therein, is the amount in controversy. We cannot say from this report that the amount or value in controversy, exclusive of costs, exceeds one hundred dollars.

That the amount or value in controversy, exclusive of costs, exceeds one hundred dollars, is a jurisdictional question and cannot be inferred ; it must affirmatively appear in the record presented to this court, or the

A. T. & S. F. Rld. Co. v. Anderson.    709

June 9, 1897.        Opinion.  Schoonover, J.    .       C. Div.

judge of the court trying the case must certify that it is one belonging to the excepted classes.

It was ordered by the trial court that the case-made be signed and settled on or before the twentieth day of April, 1894. On the fifteenth day of March, 1894, the parties plaintiff and defendant made the following stipulation :

" The plaintiff above named has no amendments to suggest to the above and foregoing case-made, and agrees that the same is true and correct in all particulars and as a whole, and it is stipulated and agreed by and between the parties above named both plaintiff and defendants that the above and foregoing case-made may be brought on before the Hon. James A. Ray, the Judge of the District Court of Sumner County, Kansas, who tried said cause at the time therein specified, for signing, settlement and allowance as a true and correct case-made at any time hereafter, but within the time now specified by the order of said court, and that notice of such time and place of presenting said case-made to said judge for signing, settlement and allowance, and the service of said notice, are hereby expressly waived by said plaintiff. Dated this fifteenth day of March A. D. 1894."

In pursuance of this stipulation the case-made was presented, settled, allowed, certified, signed, attested, and filed as a case-made for the Supreme Court, on the sixteenth day of March, A. D. 1894. When this was done the agreement was completed. The stipulation gave the judge of the District Court no authority over the case-made after it was settled, allowed and filed, and when it was filed it passed beyond his control. He could not thereafter, of his own motion, without notice, withdraw the case and add thereto another and different certificate, although the time allowed by the court for the settlement of the case had not expired.

It is well settled that neither the district judge nor the Supreme Court can amend, change or add to a case-made after it has been settled, signed and attested. *Graham v. Shaw*, 38 Kan. 734.

And when the case-made was settled, signed and certified by the district judge trying the case, and the same attested and filed as a case-made for the Supreme Court, on the sixteenth day of March. 1894, it passed beyond his control and could not thereafter be amended, altered or changed by any order he might make. *Lewis v. Linscott*, 37 Kan. 379.

On the twenty-ninth day of March, 1894, the case was withdrawn from the files of the district court, *without notice* to plaintiff below, and a certificate inserted, of which the following, omitting the title, is a copy :

" I, James A. Ray, who was Judge of the District Court of Sumner County, Kansas, at the time the above-entitled cause was tried, and who tried said cause as said judge, do hereby certify that the above-entitled cause and the issues therein joined and contained involve the title to real estate situate and being in Sumner County, Kansas, and that said case is one belonging to the excepted classes, as mentioned and described in the statute in such case made and provided.

" Witness my hand this twenty-ninth day of March, 1894.                    JAMES A. RAY,
*"Judge of the District Court of Sumner County,
Kansas, who tried the·above cause."*

This certificate was written on a blank page, following the page on which the certificate of the district judge settling and allowing the case was written, without notice to plaintiff, thirteen days after the case-made was settled, signed and filed ; but before the time fixed by the trial court for the settlement of the case had expired.

Plaintiff contends that this is sufficient and in time ;

A. T. & S. F. RLD. CO. v. ANDERSON.          711

June 9, 1897.          Opinion. Schoonover, J.          C. Div.

that the certificate of the judge of the district court required by section 542a of the Code, "should be made by the judge of the lower court and sent to the Supreme Court to be filed with the petition in error and case-made;" that it is not necessary that the certificate be filed in the lower court, or incorporated in the record; that it is sufficient if filed with the petition in error and case-made in this court.

We think this is not a correct view of the statutes. This court has heretofore held:

"When the record shows that the amount or value in controversy is less than one hundred dollars, there must be incorporated in the record a certificate of the district judge showing that the case is within the exception of the statute, and a mere statement to that effect, signed by the judge and affixed to but forming no part of the record, confers no jurisdiction upon this court." *Clark v. City of Ottawa*, 1 Kan. App. 304.

While the certificate in the case we are now considering was written on the record and filed in this court with the record, it is no part of, and is not incorporated in, the record. The record had passed beyond the control of the judge at the time the certificate was written, and he had no authority at that time to add to or take from a record, settled, signed, attested, and filed as a case-made to this court.

We think it is clearly intended that the certificate of the judge of the district court, required by section 542a of the Code where the amount involved is less than one hundred dollars, should be made at the time of, or prior to, the settling of the case-made. It must be incorporated in the record, that all parties may know what their rights are; it confers jurisdiction; it becomes the basis of an appeal. Our Supreme Court has said:

"Where a case is brought to the Supreme Court

712    A. T. & S. F. Rld. Co. v. Anderson.

| S. Dept. | Opinion.   Schoonover, J. | 5 Kan. App. |

upon the certificate of the district judge that there is a constitutional question involved in the action, and the amount sued for is less than one hundred dollars, exclusive of costs, no other question can be considered than the one assigned in the certificate of the judge." *Mo. Pac. Rly. Co. v. Kimball*, 48 Kan. 384.

It is insisted that this court should hear evidence *aliunde* the record to establish the fact that the amount in controversy, exclusive of costs, exceeded one hundred dollars. There may be cases in which evidence *aliunde* the record is admissible to establish a jurisdictional fact; but in a case brought to this court upon the certificate of the judge of the district or superior court trying the case, that the case is one belonging to the excepted classes, as provided by section 542a of the Code, the certificate confers jurisdiction, and evidence *aliunde* the record to prove that the amount in controversy is more than one hundred dollars, exclusive of costs, is not admissible.

The case will be dismissed.