## Thomas L. Sparks v. Clara Sparks.

### No. 591.

1. APPELLATE JURISDICTION—*record not showing amount in controversy, and certificate not showing case belongs to excepted classes, Appellate Court has no jurisdiction.* Where neither evidence nor allegation is found in the record to show that the amount or value in controversy is over one hundred dollars, and there is no certificate in the record showing the case to belong to one of the excepted classes mentioned in section 542a of the Civil Code, it must be dismissed. *Packard v. Packard*, 56 Kan. 132.

2. —— *certificate must be part of, and filed with, record.* The certificate referred to in the foregoing paragraph cannot be considered unless it was filed with, and as a part of, the record in the case sought to be reviewed.

SPARKS v. SPARKS. 751

| Nov. 16, 1897. | Opinion. Milton, J. | C. Div. |

Error from Barber District Court. Hon. G. W. McKay, Judge. Opinion filed November 16, 1897. *Dismissed*.

*C. W. Ellis*, for plaintiff in error.

*Ellis & Barrett*, for defendant in error.

MILTON, J. Defendant in error filed, on October 4, 1896, a motion to dismiss the petition in error for the following reasons : *First*, it does not appear from the record filed herein that the amount or value in controversy in said case exceeds the amount of one hundred dollars ; *second*, there is no certificate of the judge who tried said case in the court below showing that the same belongs to any other class of cases of which this court has jurisdiction on appeal.

The action was brought to compel a specific performance of an alleged agreement to convey real estate, and resulted in a decree, entered March 22, 1895, for such performance. Neither evidence nor statement is found in the record to show that the value of the property is one hundred dollars or more, nor is such fact otherwise shown, and there is no certificate in the record to show that the case belongs to one of the excepted classes.

In the case of *Loomis v. Bass* (48 Kan. 26), which was an action in ejectment, the court, in an opinion by Commissioner Strang, construed section 542*a*, Code of Civil Procedure, and in the syllabus said :

"Under paragraph 4642, General Statutes of 1889, the record brought to this court must affirmatively show that the court has jurisdiction, or the case will be dismissed. Such jurisdiction can be shown by making the record show that the amount or value of the controversy exceeds one hundred dollars, or by incorporating therein a certificate of the district judge

showing that the case is within the exception of such statute.''

And in the opinion :

'' We think the record must affirmatively show that this court has jurisdiction. The statute says : ' No appeal or proceeding in error shall be had or taken to the Supreme Court in any civil action unless the amount or value in controversy, exclusive of costs, shall exceed one hundred dollars, except in cases specified therein, and then only upon a certificate of the trial judge showing that the case is within the exception provided in the statute.' A fair construction of this language of our statute requires the party appealing to show that his case is within the statute, either by making the record show the amount or value in controversy, or by including in the record a certificate of the trial judge showing the case to be within the exception of the statute.''

This case has been followed by the Supreme Court in *Skoin v. Limerick* (50 Kan. 465), and *Packard v. Packard* (56 id. 132).

At the time of the oral argument upon the motion to dismiss, counsel for plaintiff in error offered an undated certificate of the judge who tried the cause showing that the title to real estate was involved. We cannot consider this certificate, as it is no part of the record. We have held, in *Preston v. Barber Asphalt Paving Co.* (49 Pac. Rep. 97), that such certificate must be a part of the record when the latter is filed in this court.

The motion to dismiss is sustained.