J. W. REED v. JOHN DICK AND JACOB DRESSEN.
### No. 211.

JOINT TORT-FEASORS—*Question of Fact—Finding of Jury Con-clusive.* Where a recovery was sought against two parties jointly for damages resulting from a fire which originated from the act of one of the parties while they were together engaged in unlawfully hunting, *held*, that the question of their coöperation in the im-mediate act which caused the fire was properly submitted to the jury for its determination, and that its verdict, being supported by some evidence and approved by the trial court, is conclusive in this court.

Error from Barton district court; ANSEL R. CLARK, judge. Opinion filed June 20, 1898. Affirmed.

*G. W. Nimocks*, for plaintiff in error.
*Elrick C. Cole*, for defendants in error.

The opinion of the court was delivered by

MILTON, J. : The plaintiff, J. W. Reed, alleged in his petition substantially the following facts :

That on Sunday, October 22, 1893, the defendants,

Jacob Dressen and John Dick, residents of Ellinwood, in Barton county, were hunting for game, and while hunting they trespassed upon the premises of one O. Seward, in Stafford county, and set fire to hay belonging to Seward; that the fire spread and soon reached plaintiff's premises, and there burned a large acreage of pasture land and also eighty-five tons of hay in the stack, all belonging to the plaintiff; and that the defendants, while so hunting in violation of law and while so trespassing, were guilty of wilful and gross carelessness, as a result of which the plaintiff was damaged by fire in the sum of $420, for which he prays judgment.

The evidence showed that the defendants arrived at the haystack on Seward's land at about one o'clock P. M. on the day above named, unhitched their horse from the spring wagon, and immediately thereafter ate their lunch, all of which occupied twenty minutes' time. Before eating, Dick fired one barrel of his shotgun, and directly after the lunch was eaten he took his gun and went on foot across the field towards the marsh where they had seen some wild ducks, the game they were expecting to find there. Dressen then attempted to light his pipe before leaving the haystack, but was unable to do so on account of the wind. Therefore he took his shot-gun and followed Dick, who was some 200 yards or more in advance. Shortly after they reached the edge of the marsh they heard a shot in the direction of the stack where they had left their horse tied to the wagon, and where they had left most of their loaded shells. They then saw that the grass was on fire near the stack. Before they reached it the haystack was on fire. The frightened horse, in his attempt to escape, overturned the wagon upon himself and both were destroyed. The shells

left at the haystack were exploded. The evidence leaves in doubt the question respecting a trespass upon Seward's land, it having been proven that Seward invited the defendants to come to his house when hunting in that neighborhood. The jury returned a verdict in favor of Dick for costs and against Dressen in the sum of $335.

A motion has been filed to dismiss the petition in error for the reason that the judge's certificate fails to show a settlement of the case-made. We are clear that the certificate affirmatively shows a settlement of the case-made, within the rule laid down in *Mutual Ins. Co. v. Sackett*, 5 Kan. App. 660.

Complaint is made of the instructions given by the trial court. The instructions show that the court regarded the question of co-operation between the defendants in the act which caused the fire and consequent damage as being the essential matter for the jury's determination. Counsel for plaintiff in error claims that the defendants were jointly trespassers on the land where they camped and where they were hunting in violation of law, and that they were jointly liable to the owner of the land or the owner of the property injured while the trespass was continuing, although each did not participate in the immediate act which caused the damage. If this theory is correct the judgment is not erroneous, but many of the instructions are erroneous. As already stated, there was room for doubt as to the fact of the trespass. We think the question has been settled by the decision of our supreme court.

In *Williams v. Townsend*, 15 Kan. 564, a case involving hunting on Sunday, accompanied by trespass on real estate, and damages resulting from an act of one of the trespassers, it was clear from the evidence that

Spahr, one of the parties defendant in the trial court, was liable, as he had fired the shot which accidentally injured Townsend, but it was claimed that the evidence did not sufficiently show that the other defendants, Williams and Parsons, co-operated with him in his illegal hunting.

The court said :

" It is true that the evidence is slight, and we think the jury erred in its findings ; but still the question of co-operation is one of fact, and comes clearly within the province of the jury to determine, and, unless there was almost a total absence of evidence to prove co-operation, the verdict upon the question must, after its approval by the court below, be considered conclusive."

Justice BREWER was unable to concur in this decision, for the reason that, in his opinion, the testimony entirely failed to show that Williams and Parsons had a common purpose with Spahr to do an illegal act, or showed such co-operation with him as rendered them responsible for the unintentional and purely accidental injury resulting from the act of Spahr.   The cases of *Kansas City v. Brady*, 52 Kan. 297, and *Kansas City v. Slangstrom*, 53 id. 431, support the doctrine declared in *Williams v. Townsend*, supra.

The court instructed the jury that if they should find from the evidence that the fire resulted from the shot fired by Dick near the haystack, both of the defendants were liable for any damages occasioned by the fire.

The special findings of the jury show that the fire originated from the attempt of Dressen to light his pipe ; that the defendant Dick did nothing towards setting out the fire, was not present when Dressen attempted to light his pipe, and did not have any per-

sonal knowledge that the latter was intending or had attempted to do so.

As the court in *Williams v. Townsend*, supra, held that the question of co-operation was for the jury, and that its verdict, having received the approval of the trial court, was conclusive in the appellate tribunal, so in this case, where findings, verdict and judgment concur in a denial of co-operation on the part of Dressen and Dick in the act which caused the fire, and of liability on the part of the latter, the judgment cannot be disturbed, as the record shows some supporting evidence. The alleged errors in the admission and exclusion of evidence do not appear to us to be material, in view of the proposition of law we have stated as governing our decision.

The judgment of the district court is affirmed.