ATCHISON, TOPEKA & SANTA FE RAILROAD COMPANY
   v. THE BOARD OF COUNTY COMMISSIONERS OF
   THE COUNTY OF LYON.

### No. 382.

RAILROADS—*Highway Crossing—Cost of Cattle-guards.* Where,
   at the time a public highway was petitioned for, and at the time
   it was ordered by the county commissioners to be located across
   the right of way and track of a railroad company, such right of
   way was fenced on both sides, and where neither a public nor a
   private necessity existed for the making of a cattle-guard at the
   point of intersection, except by reason of the location of the high-
   way, *held*, that the cost of making cattle-guards at such point
   must be borne by the county and not by the railroad company.

Error from Lyon district court; W. A. RANDOLPH,
judge.   Opinion filed February 17, 1899.   Reversed.

*A. A. Hurd*, and *Stambaugh & Hurd*, for plaintiff in
error.

*L. B. & J. M. Kellogg*, for defendant in error.

The opinion of the court was delivered by

MILTON, J. : A preliminary question arises on the
motion to dismiss, the ground thereof being that the
case-made was not signed and settled according to
law.   The certificate of the trial judge recites that at
the time the case-made was presented by the plaintiff
in error for settlement the defendant in error appeared
by its attorney, and that no amendments were sug-
gested.   The certificate also contains the following
statement :

" Said case-made is submitted to me for settlement,
and after careful examination thereof I hereby certify
that the above and foregoing case-made is : . .
in all respects a correct and true made case in said
case, and the clerk is hereby directed to attest and file
the same in said case."

Within the doctrine of the case of *Mutual Ins. Co. v. Sackett*, 5 Kan. App. 660, 48 Pac. 994, we think this certificate must be held sufficient, as it clearly appears therefrom that after a careful examination of the contents of the case-made the trial judge had determined that the statements contained therein were true.

This case was tried in the district court of Lyon county on an appeal of the plaintiff in error from an award of damages on account of the location and opening of a county road across its right of way. The company duly presented its claim for damages in the sum of $230.25 to the viewers, who allowed $100, but this was reduced by the board of county commissioners to $75. The only issue presented to the district court, where the case was tried without pleadings, was as to the amount of damages the railroad company was entitled to receive. The jury returned a verdict for $59.70 in favor of the railroad company, and judgment was rendered accordingly, except that the company was adjudged to pay the costs of the action.

The railroad ran north and south and the highway crossed it at right angles, and extended along the section line on the south. There the railroad entered an enclosed field lying north of the section line, and for a number of years prior to the laying out of the highway a cattle-guard had been maintained by the railroad company at the point of entrance. It appears that about eighteen months before the highway was located the plaintiff company removed the cattle-guard. At the time of such removal the right of way was fenced on both sides through and south of the said field, and gates and a private crossing for use by the owner of the land had been placed at a point about 200 yards north of the south line of the field. The

claim for damages presented by the railroad company
to the viewers contained an exhibit embracing the
following items: For right of way, $100; for two
cattle-guards with wing fences, at $55, $110; eight
crossing planks, $4.35; four drain boxes at $3.50,
$14; labor in placing drain boxes and crossing planks,
$1.90. In the special findings the jury found the
reasonable cost of each cattle-guard to be $48.71.
Nothing was awarded for making the north cattle-
guard. The jury also found that drain boxes were
not necessary and that the reasonable cost of making
the wing fences was $6.29 for each cattle-guard, but
made no allowance for such fences for the north cattle-
guard.

From the instructions given and refused, the prin-
cipal question in this case arises as to the duty of the
railroad company to maintain a cattle-guard at the
point where it entered the field north of the section
line and where the highway as laid out intersected the
line of railroad. While the statute as construed by
our courts clearly requires that a railroad company
make and maintain cattle-guards where the line of
railroad enters and where it leaves improved or fenced
land, we think the present case furnishes an excep-
tion. When the highway was petitioned for and laid
out, the right of way was fenced on both sides through
and beyond the tract of land north of the section line.
It thus appears that the railroad really passed between
enclosed fields. Neither a public nor a private neces-
sity existed for the making of a cattle-guard at the
point named. The cattle-guard had been removed
and gates and a private crossing for the convenience
of the owner of the land which lay north of the sec-
tion line had been made prior to the location of the
highway. The owner of the land could not have re-
quired the making of a cattle-guard at that point, nor

could the public have compelled it to be placed there by an action in mandamus. It will be presumed that the railroad company had performed its duty by placing cattle-guards north and south of the section line at the points where the line of railroad emerged from the right-of-way fences. The highway passed through the enclosure made by the right-of-way fences, and thus created the necessity for cattle-guards on each side of such highway. Such being the case, the cost of making the cattle-guards must be borne by Lyon county and not by the railroad company. The verdict and the judgment are therefore erroneous for failing to include in the damages awarded the cost of making the north cattle-guard and wing fences.

Complaint is made of the giving of the following instruction :

" Gentlemen of the jury, you will disregard the evidence that has been introduced relative to the life of these different parts of the crossing that has been testified to and not consider anything except the actual cost of putting in the crossing and putting it in shape. All evidence that goes to the damages for perpetually maintaining it is withdrawn from you also."

We think the instruction was proper. The railroad company claimed for specific items of damage, as hereinbefore noted, and no claim was made for maintaining the crossing and the cattle-guard. No evidence was introduced to show the money value of the right of way for which $100 as damages was asked. The statute clearly imposes the duty on a railroad company properly to maintain crossings at public highways wherever such crossings have been established.

Other matters mentioned in the brief of counsel for plaintiff in error do not require specific mention. The judgment of the district court will be reversed and the cause remanded for a new trial.