THE MISSOURI PACIFIC RAILWAY COMPANY v. L. A. TOWNSEND.

No. 688.

1. PRACTICE, COURTS OF APPEALS—*Jurisdiction—Certificate of Trial Judge.* The certificate of the judge of the district court trying the case, required by section 542*a* of the code (Gen. Stat. 1889, ¶ 4642, Gen. Stat. 1897, ch. 83, § 9), where the amount involved is less than $100, should be made and incorporated in the record at the time of, or prior to, the settling of the case-made.

2. ——— *Amendment of Case-made—Expiration of Year.* This court cannot permit a case-made to be amended more than one year after the rendition of the judgment complained of by incorporating therein a certificate of the district judge trying the case that "the case is one belonging to the excepted classes."

Error from Sedgwick district court; D. M. DALE, judge. Opinion filed February 17, 1899. Dismissed.

*J. H. Richards, C. E. Benton,* and *D. Smyth,* for plaintiff in error.

*Keach & DuBois,* for defendant in error.

The opinion of the court was delivered by

SCHOONOVER, J.: The question involved in this case is, Can the district or superior court trying a case involving less than $100 certify to the court of appeals that the case is one belonging to the excepted classes more than one year after the rendition of the judgment or making of the final order complained of ? Paragraph 4657, General Statutes of 1889 ( Gen. Stat. 1897, ch. 83, § 11 ), provides :

" No proceeding for reversing, vacating or modifying judgments or final orders shall be commenced unless within one year after the rendition of the judgment or making of the final order complained of."

Paragraph 4642, General Statutes of 1889 (Gen. Stat. 1897, ch. 83, § 9), provides:

" No appeal or proceeding in error shall be had or taken to the supreme court in any civil action unless the amount or value in controversy, exclusive of costs, shall exceed $100, except in cases involving the tax or revenue laws, or the title to real estate, or an action for damages in which slander, libel, malicious prosecution or false imprisonment is declared upon, or the constitution of this state, or the constitution, laws or treaties of the United States, and when the judge of the district or superior court trying the case involving less than $100 shall certify to the supreme court that the case is one belonging to the excepted classes."

It has been held repeatedly by the supreme court and the courts of appeals of this state that the record must affirmatively show that the reviewing court has jurisdiction or the case will be dismissed.   In the case of *Loomis v. Bass*, 48 Kan. 26, 28 Pac. 1012, the supreme court said:

" Under paragraph 4642, General Statutes of 1889, the record brought to this court must affirmatively show that the court has jurisdiction, or the case will be dismissed.   Such jurisdiction can be shown by making the record show that the amount or value of the controversy exceeds $100, or by incorporating therein a certificate of the district judge showing that the case is within the exception of such statute."

This court held, in the case of *Clark v. City of Ottawa*, 1 Kan. App. 304, 40 Pac. 1070:

"The record brought to this court must affirmatively show that the court has jurisdiction, or the case will be dismissed.   And when the record shows that the amount or value in controversy is less than $100, there must be incorporated in the record a certificate of the district judge showing that the case is within the exception of the statute ; and a mere statement to that effect, signed by the judge and affixed to but

forming no part of the record, confers no jurisdiction on this court.''

In the case of *A. T. & S. F. Rld. Co. v. Anderson*, 5 Kan. App. 707, 49 Pac. 108, this court held :

'' The certificate of the judge of the district or superior court required by section 542*a* of the code, where the amount involved is less than $100, to confer jurisdiction, must be incorporated in the record presented to this court.'' (See also *Preston v. Barber Asphalt Paving Co.*, 49 Pac. 97 ; *Sparks v. Sparks*, 6 Kan. App. 750, 50 Pac. 973.)

The amount involved in this case is less than $100, and there is not ''incorporated therein (in the record) a certificate of the district judge showing that the case is within the exception of the statute.'' Counsel contend that this certificate may be made at any time, and that the reviewing court may permit the required certificate to be made more than one year after the rendition of the judgment or making of the final order complained of. Our supreme court has said that this certificate should be incorporated in the record. If it forms a part of the record, it should be incorporated therein before the case passes beyond the control of the trial judge — before the case is settled and certified by the judge trying the case. In the case of *Lewis v. Linscott*, 37 Kan. 379, 15 Pac. 158, the supreme court said :

'' When a case-made for this court has been signed and certified by the judge of the district court who tried the case, it has passed beyond his control, and cannot thereafter be amended, altered or changed by any order he may make.''

In the case of *Graham v. Shaw*, 38 Kan. 734, 17 Pac. 332, it was held :

''Neither the judge of the district court nor the

supreme court can amend or add to a case-made for the supreme court after it has been settled, signed, and attested." ( See also *Lumber Co. v. Tomlinson*, 54 Kan. 770, 39 Pac. 694.)

The trial judge performs a judicial act when he settles, signs and certifies a case-made. (*Mutual Ins. Co. v. Sackett*, 5 Kan. App. 668, 48 Pac. 994.) The same may be said of the certificate required by section 542*a* of the code (Gen. Stat. 1889, ¶ 4642, Gen. Stat. 1897, ch. 83, § 9). The judge of the district or superior court trying the case must determine that less than $100 is involved, that the case involves the tax or revenue laws or the title to real estate, or that the action is one for damages in which slander, libel, malicious prosecution or false imprisonment is declared upon, or that the case involves the constitution of this state or the constitution, laws or treaties of the United States. After the judge has tried the case, if he determines and certifies that the case is one belonging to the excepted classes, the certificate confers jurisdiction.

The writer is of the opinion that the better practice requires that the certificate designate the excepted class to which the case belongs and the particular question involved in the trial of the case. Our supreme court has gone so far as to say that "no other question can be considered than the one assigned in the certificate of the judge." In the case of *Mo. Pac. Rly. Co. v. Kimball*, 48 Kan. 384, 29 Pac. 604, the court said :

"Where a case is brought to the supreme court upon the certificate of the district judge that there is a constitutional question involved in the action, and the amount sued for is less than $100, exclusive of costs, no other question can be considered than the one assigned in the certificate of the judge. . . ."

In the opinion it is said that

" The object of the law was to limit appeals and proceedings in error, where the amount in controversy did not exceed $100. The legislature made certain exceptions, such as cases covering tax or revenue laws, or where there was a constitutional question to be settled. The supreme court obtains jurisdiction of this case through the certificate of the district judge that there is a constitutional question to be determined. Our jurisdiction is limited to that question."

If in cases involving less than $100 the certificate of the judge of the district court trying the case is necessary to confer jurisdiction ; if the record must affirmatively show that the reviewing court has jurisdiction ; if this can be shown "by incorporating therein (in the record) a certificate of the district judge showing that the case is within the exception of such statute"; if "no other question can be considered than the one assigned in the certificate of the judge"; if "neither the judge of the district court nor the supreme court can amend or add to a case-made for the supreme court after it has been settled, signed, and attested," then this court extended the time for making and filing the certificate as far as the authorities in this state will permit when it said : " It is clearly intended that the certificate of the judge of the district court, required by section 542a of the code where the amount involved is less than $100, should be made at the time of, or prior to, the settling of the case-made. It must be incorporated in the record, that all parties may know what their rights are ; it confers jurisdiction ; it becomes the basis of an appeal." (*A. T. & S. F. Rld. Co. v. Anderson*, 5 Kan. App. 711, 49 Pac. 109.)

In the case under consideration, the judge trying the case may have intended to make the certificate, but it never was made. Now, after more than one

year from the date of the rendition of the judgment, the defendant in error files his motion to dismiss, alleging that the amount involved is less than $100, and that the judge of the district court trying the case has not certified that the case is one belonging to the excepted classes.   The plaintiff in error asks this court to be permitted to file with and attach to the case-made the certificate of the judge trying the case that it is one belonging to the excepted classes.   As we view the authorities, the record cannot be amended in this manner.

The motion to dismiss is sustained.