THE A. T. & S. F. RAILROAD CO. v. E. M. CUTHBERT.

1. BOND, *to Protect Laborers.* The railroad company is the proper obligee in the bond provided for in chapter 136, Laws of 1872, to protect laborers, mechanics, and others, in the construction of railroads.

2. ——— *Conditions of Bond.* A bond given in pursuance of said chapter which contains all the conditions provided therein is not vitiated by an additional stipulation to save the company harmless from all trouble, damage, costs, suits, judgments, etc.

3. LIABILITY OF RAILROAD COMPANY. The liability created by said chapter is purely statutory, and a party seeking to enforce that liability must show all the facts required by the statute.

*Error from Harvey District Court.*

ACTION by *Cuthbert* against the *Railroad Company.* Judgment for plaintiff at the April Term 1874. The defendant brings the case here on error. All the facts necessary to a proper understanding of the case are stated in the opinion.

*Ross Burns,* and *J. G. Waters,* for plaintiff in error.

*J. J. Barker,* and *J. W. Ady,* for defendant in error.

The opinion of the court was delivered by

BREWER, J.: This action was brought by defendant in error as material-man and laborer to recover off the plaintiff in error the sum of $147.50 due and unpaid from the contractor, the defendant in error alleging in his petition as cause of action, that the plaintiff in error did not take and have recorded within the office of the register of deeds in any of said counties wherein the work was done any bond from the contractors conditioned for the payment of all just debts due to laborers and others. It was heard in the court below on the following agreed statement of facts, signed and filed by the attorneys for both parties:

"For the purpose of this action in all its stages, and in all courts to which it may be carried, we agree that the following may be considered as the facts:

"*First:* The bond, a copy of which is herewith filed, marked 'B,' was taken by the defendant, and was filed by the defendant in the county of Ellsworth, Kansas, at the time as appears by the certificate of the register of deeds of said county on the back thereof, and said bond was a good and sufficient bond for the purposes in the said bond named, and covers all the work of the said contractors Oxelson and Riney, named in said bond, done for the defendant by said Oxelson and Riney, or their employes.

"*Second:* The amount for which the plaintiff sues is due and unpaid from said contractors Oxelson and Riney, as set out in plaintiff's petition; that is, the work done by said plaintiff and the amount due therefor has not been paid by said Oxelson and Riney, or by any one else.

"*Third:* The work was done by the said plaintiff in the months of June, July, August and September 1872, in the counties of Harvey, Reno, Rice, Pawnee and Ford, and amounts to the sum of $147.50."

Copy of bond attached, marked "B."

"Know all men by these presents that we, C. W. Oxelson and John Riney as principals, and H. B. Miller as surety, all householders of the county of ——————, and state

of Kansas, are held and firmly bound unto the Atchison, Topeka & Santa Fe Railroad Company, a corporation duly organized under a charter granted by the late territory (now state) of Kansas, and doing business in said state, in the sum of five thousand dollars, lawful money of the United States, to be paid unto the Atchison, Topeka & Santa Fe Railroad Company, its successors, representatives, and assigns; to which payment well and truly to be made, we jointly and severally bind ourselves, our heirs, executors, administrators and assigns, firmly by these presents. Sealed with our seals, and dated the 14th of July, 1872.

"The condition of this obligation is such that, whereas the above named C. W. Oxelson and John Riney have contracted and agreed to and with the said Atchison, Topeka & Santa Fe Railroad Company to construct, complete, and furnish all materials therefor, for said company, the grading and masonry described as follows, to-wit: lying within the limits of sections Nos. 44, 55, 58, and 61: Now therefore, if the said C. W. Oxelson and John Riney shall well and truly carry out and perform all said contract in every and all respects, and shall well and truly pay all laborers, mechanics, and material-men, and all persons who supply said Oxelson and Riney with provisions, goods or materials of any kind, all just debts due or to become due to such persons, or to any person to whom any part of such work is given, or by whom any part thereof is done, and incurred in carrying on such work and contract so as aforesaid agreed to be done and performed by the said C. W. Oxelson and John Riney for the said railroad company, and shall well and truly save, keep, and bear harmless the said railroad company of and from all trouble, damage, costs, suits, judgments and executions arising or to arise ,by reason of the incurring of such debts, and in the premises, then and in that case this obligation to become null and void, otherwise to be and remain in full force, virtue, and effect in law.

Signed, sealed and delivered in presence of A.     C. W. OXELSON, (Seal.)
A. Robinson.     JOHN RINEY, (Seal.)
    H. B. MILLER, (Seal.)

"STATE OF KANSAS, COUNTY OF ELLSWORTH, SS.:

"I, J. F. Dyer, register of deeds of said county, do certify that the above is a true copy of the bond of C. W. Oxelson and John Riney to the Atchison, Topeka & Santa Fe Railroad Company, filed in my office September 18th 1872.

"J. F. DYER, *Register.*"

The case upon the above agreed statement of facts was tried by the court without the intervention of a jury, and judgment rendered for the defendant in error for the sum of $147.50.

The liability of the plaintiff in error is sought to be enforced under the provisions of an act entitled "An act to protect laborers, mechanics, and others, in construction of railroads," approved March 1st, 1872, and found on page 286 of the laws of 1872. This law requires a railroad company to take from the person with whom a contract is made a good and sufficient bond, conditioned that such person shall pay all the laborers, mechanics, and material-men, and persons who supply such contractor with provisions or goods of any kind, all just debts due to such persons or to any person to whom any part of such work is given, incurred in carrying on such work; and if any such railroad shall fail to take such bond such railroad company shall be liable to the persons herein mentioned to the full extent of such debts so contracted by the contractor. The law further gives all such persons a right of action on the bond for the full awards of debts against such contractor. There is also a provision that this bond shall be filed in the office of the register of deeds of the county where the work of the contractor shall be. So far as respects this last provision, while it is alleged that the railroad company did not have the bond recorded in the counties in which the work was done, there is a total failure of evidence to sustain the allegation. It was suggested by counsel on the argument, that these counties were not then organized. It is unnecessary however to inquire what effect such a state of facts might have upon the obligation of the company under the statute, for no such excuse is suggested in the evidence. The record presents merely a case of failure of proof. Now in this case a purely statutory liability is sought to be enforced. Independent of the statute there is no law or reason for making the railroad company responsible for the debts of Oxelson & Riney. Hence, a party claiming under this statute must show all facts necessary to bring his case within its terms. If he alleges that the company failed

to file its bond in the proper county, and thereby became liable to him, he must show the failure, or the fact will be found against him.

As it is conceded that the bond was good and sufficient, the only question really in the case is, whether the bond complies with the requirements of the statute. It is objected that the bond runs to the company and not to the laborers, mechanics, etc., or to the state; that it is simply a bond of indemnity, and not a bond under the statute. It seems to us that the company is the proper obligee. None is specifically named in the statute, but it says the company shall take a bond. This, in the absence of any express designation to the contrary, sufficiently indicates that it should run to the company. Again, in the second section it is expressly provided that the laborers, mechanics, etc., for whose benefit the bond is required, shall have a right of action *on the bond.* There would be no need of this section if it was the intention that the bond run to them. Though not named as obligees, they may sue as "persons expressly authorized by statute," and entitled to the benefits of the security.

It is conceded that the bond contains all the conditions of the statute, but it also contains the additional stipulation that the contractors "shall well and truly save, keep and bear harmless the said railroad company of and from all trouble, damage, costs, suits, judgments and executions arising or to arise by reason of the incurring of such debts, and in the premises." And it is claimed that this addition vitiates the bond. We do not think so. There is nothing in this inconsistent or in conflict with the other conditions; nothing limiting, restricting or in anywise modifying or affecting the obligations assumed by those conditions, so far at least as those dealing with the contractors are concerned. Such an addition does not avoid the instrument. The law does not say that the bond shall contain only such conditions. It must contain those, and it may contain any others, provided they do not in any manner affect adversely the interests of those parties who are sought to be protected. We think there-

fore that the bond is valid under the statute, and it being conceded to be good and sufficient, it follows that the court erred in holding the company liable. As the facts are agreed we must not only reverse the judgment, but also remand the case with instructions to enter judgment in favor of the Railroad Company, defendant below. It is understood that the cases of the same plaintiff in error against Wm. Ward, and same against Jas. H. Anderson, involve only the same questions, and are to be decided in the same manner.

All the Justices concurring.