JAMES M. GILLE v. CARRIE L. EMMONS.

No. 11,342. (59 Pac. 338.)

61 217
o66 375

1. PRACTICE, SUPREME COURT — *Presumption of Jurisdiction.*
When the supreme court takes jurisdiction of a proceeding in er-
ror, it will be presumed thereafter, when the question is collat-
erally raised, that it had jurisdiction; and if jurisdiction be denied
on the ground that the proceeding in error was not commenced
within one year from final judgment, it will devolve on those who
make the denial to introduce the full record of the proceeding
and to show affirmatively by it that it is full and complete.

2. ———— *Proof of no Jurisdiction.* A record of a case, in which
the overruling of a motion for new trial in the court below was
necessary to the presentation in this court of some of the errors
complained of, will not be considered full and complete, when
offered in a collateral proceeding for the purpose of proving that
this court did not have jurisdiction on account of a failure to file
the petition in error within one year from final judgment, unless
such record affirmatively shows that a motion for new trial was, or
was not, made and overruled.

3. SUPERSEDEAS BOND — *Insufficient Defense.* When a void money
judgment is rendered against a party in a suit, and he executes a
supersedeas bond, joint and several in terms, along with others
against whom the judgment is valid, it is no defense to him, when
sued on the bond, that the judgment was void and had been sub-
sequently vacated by the court. The judgment being valid as to
some of the parties and the promise made in the bond to pay it
being unconditional, all signers to the instrument are bound.

4. ———— *Conformity to Statute.* It is no defense to one who has
signed a supersedeas bond and thereby obtained the desired stay
of execution that the bond did not conform to all the statutory
requirements.

Error from Wyandotte district court; H. L. ALDEN,
judge. Opinion filed December 9, 1899. Reversed.

*Witten & Hughes,* and *McGrew, Watson & Watson,* for
plaintiff in error.

*Bruno Hobbs,* and *Miller & Morris,* for defendant in
error.

The opinion of the court was delivered by

DOSTER, C. J. : This was an action on a supersedeas
bond given by the defendant in error, Carrie L.

Emmons, to the plaintiff in error, James M. Gille, to stay execution on a judgment rendered in a mortgage foreclosure proceeding.  The controversy between the parties has assumed various phases and has been productive of much litigation in this and other courts. March 25, 1889, the district court rendered judgment in favor of the plaintiff in error, James M. Gille, against the defendant in error, Carrie L. Emmons, and her husband, D. R. Emmons, for the amount due on two promissory notes and for the foreclosure of a mortgage given to secure them.  The Emmonses prosecuted error to this court, which affirmed the judgment of the court below. (*Emmons v. Gille*, 51 Kan. 178, 32 Pac. 916.) Subsequently Mrs. Emmons filed a motion in the district court to vacate the judgment for money rendered against her, for the reasons that she had not signed the promissory notes upon which the judgment had been rendered, nor had the petition against her in the foreclosure action alleged her liability upon them, wherefore the judgment was void. This motion was sustained, and from the order sustaining it James M. Gille prosecuted error to this court.  The decision of the lower court was affirmed. (*Gille v. Emmons*, 58 Kan. 118, 48 Pac. 569.)  For the purpose of staying execution upon the money judgment of March 25, 1889, the present defendant in error, Carrie L. Emmons, together with others, executed a bond in the following language :

"*In the district court of the tenth judicial district of the state of Kansas, sitting in and for the county of Johnson.*
JAMES M. GILLE, *Plaintiff,*
v.
D. R. EMMONS, CARRIE L. EMMONS, GEORGE E. HUNTER, and W. S. BEARD, *Defendants.*    } No.——.

"KNOW ALL MEN BY THESE PRESENTS, That we, D. R. Emmons, Carrie L. Emmons, George E. Hunter, and W. S. Beard, as principals, and W. H. Ryus and James D. Husted, as sureties, acknowl-

edge ourselves to owe and be indebted to James M. Gille in the sum of twenty thousand and four hundred dollars ($20,400), for the well and faithful payment of which we bind ourselves, our heirs, executors and administrators firmly by these presents.

"The condition of the above obligation is such, that whereas, by the finding of the above-entitled court, the plaintiff, James M. Gille, did heretofore recover judgment against the above-named D. R. Emmons, Carrie L. Emmons, George E. Hunter and W. S. Beard for the sum of $10,188, together with interest thereon at the rate of eight per cent. per annum, and costs of suit, taxed at $20 ;

"And whereas, the above-named D. R. Emmons, Carrie L. Emmons, George E. Hunter and W. S. Beard have heretofore filed in the office of the supreme court their petition in error with case-made attached thereto, whereby they ask a reversal of the judgment so as aforesaid rendered against them, which said cause is now pending in said court :

"Now, if the said above-bound D. R. Emmons, Carrie L. Emmons, George E. Hunter and E. S. Beard shall pay or cause to be paid to the said James M. Gille the condemnation money so recovered by said judgment, together with costs, in case the said judgment of this court shall be affirmed in whole or in part, then this obligation shall be null and void ; otherwise to remain in full force and effect."

No execution was issued in the case until after the affirmance of the judgment in 51 Kan., *supra*.  Execution was then issued and the mortgaged property sold.  A deficiency of the judgment remained, to compel the payment of which action on the supersedeas bond was commenced.  The case was not tried until after the affirmance by this court, in 58 Kan., *supra*, of the order of the district court vacating the judgment for money against Mrs. Emmons.  It was then tried and judgment rendered in her favor, from which judgment the plaintiff, Gille, has prosecuted error to this court.

It will be most convenient to state, and determine in the order in which stated, the objections of the defendant in error to her liability upon the bond. She first claimed that there was not sufficient evidence identifying the bond as the one given in the case in which she had prosecuted error, and the decision of which is reported in 51 Kan., *supra*. The only evidence in direct proof of identity received upon the trial was the mandate of affirmance issued out of this court. This, we think, contained recitals and correspondence in names of parties to those signing the bond sufficient to establish *prima facie* the identity of the action in which the bond was given with the one decided by this court.

It is next claimed that the proceeding in error taken by Mrs. Emmons to this court which resulted in an affirmance of the judgment against her, as reported in 51 Kan., *supra*, was void, because this court had no jurisdiction to entertain such proceeding in error, and consequently that the bond given by her to stay execution from the lower court, pending the void proceeding in this court, was likewise void. The claimed reason for this is that the evidence taken in the court below and incorporated into the record brought to this court in the present case shows that the petition in error and record in the former case were not filed here within one year after the judgment of the lower court. The evidence in the record now before us shows that the money and foreclosure judgment on which the former proceeding in error was prosecuted was rendered March 25, 1889, while the petition in error on that judgment was not filed in this court until April 3, 1890.

Passing by the question whether a litigant can invoke the jurisdiction of this court to a final conclusion

upon the claims of error presented, and afterward, in
a controversy with the same party as to his liability
on a bond given to stay execution pending the prosecu-
tion of the proceedings in error, be heard to say that
this court was without jurisdiction to entertain such
proceedings, it is a sufficient answer to defendant in
error to say that the burden of proof of facts which
would show lack of jurisdiction in this court in the
former case rested upon her, and that she failed to dis-
charge the burden.   The presumption is that we had
jurisdiction in the former case.   That presumption
could only be dispelled by the introduction in evidence
of the full record of the former case.   The full record
was not introduced.   The record as introduced stopped
with the judgment of March 25, 1889.   Whether a
motion for new trial was filed in that case we do not
know, so far as anything in the record now before us
shows.   Proceedings in error are taken from final
orders and from orders overruling motions for new
trials.   If a motion for a new trial had been filed and
overruled in the former case, the statute of limitations
on a proceeding in error to this court would have com-
menced to run from the overruling of the motion for
new trial.   For aught we know from the record in the
present case a motion for new trial in the former case
may have been made and overruled less than one year
preceding the time of the filing of the petition in error
in this court.   We took jurisdiction of that proceed-
ing in error, and the presumption is that we rightfully
took jurisdiction of it, and, while this presumption is,
of course, a disputable one, whoever would raise the
dispute must disclose to us all the facts necessary to
enable us to determine the question.

Again, it is claimed that, the money judgment
against Mrs. Emmons being void and having been so

declared by this court, the supersedeas bond was without consideration as to her and was, therefore, ineffectual to bind her, she having signed as principal and not as surety. The obligation sued upon is not, either by its terms or by the law, a several one only. It is joint as well as several. It binds all the parties to it collectively and each of them singly. Mrs. Emmons, together with the other signers, "acknowledged" herself "to owe and be indebted to James M. Gille," and release from the acknowledged indebtedness was conditioned upon the payment of the debt by some one or all of the signers to the bond. Only in the event of such payment was the bond to be void. Otherwise it was to remain in force and effect. Mrs. Emmons's liability on this bond was not conditioned upon the truth of the recital which she made in it of the recovery of a judgment against her. It was conditioned upon the promise which she made, along with others, to pay a judgment recovered in fact against others as well as apparently recovered against herself. She made a promise to pay this judgment and the erroneous recital by her of its recovery against her constituted no ground for avoiding her liability upon the bond.

Lastly, it is claimed that the bond did not conform to the statute providing for the execution of supersedeas bonds to stay judgments and prescribing the conditions to be inserted therein. The bond is not in strict conformity to the statute. (Gen. Stat. 1897, ch. 95, § 591; Gen. Stat. 1899, § 4845.) The judgment was, among other things, for the sale of mortgaged premises and for the payment of such deficiency as might exist after the sale, and the undertaking did not provide for the payment of such deficiency. The judgment was in part for the sale of real property,

Gille v. Emmons.

and the undertaking was not conditioned against the commission of waste, nor for the value of the use and occupation of the property from the date of the undertaking.   Whether these two last-mentioned conditions are requirements of a supersedeas bond in such cases as the one under consideration may be questionable. We need not, however, undertake to determine it.

The non-conformity of the bond to the statutory requirements in any of the particulars mentioned did not invalidate it.   It was good as a common-law bond. The parties executing it got all they desired under it, to wit, a stay of execution pending the determination of their proceeding in error.   They cannot now be heard to urge its lack of conformity to the law.   The defendant in error in the case in which it was given made no complaint concerning it.   He accepted it as the parties executing it proffered it, or, rather, as they filed it in court for his benefit, which is the same as proffering it to him.   He gave them the delay in time asked for, and they cannot now be heard to say that what they offered as a legal obligation and which he accepted as such was invalid and not binding on them.

The judgment of the court below is reversed, with directions to grant a new trial of the case.

JOHNSTON, J., concurring.

SMITH, J., not sitting, having been of counsel.