HENRY G. KAILL v. WILBER L. BELL.

No. 15,792.　(99 Pac. 593.)

SYLLABUS BY THE COURT.

ATTACHMENT—*Bond to Discharge—Validity.* A bond given to discharge an attachment which substantially complies with section 213 of the code of civil procedure will not be held void because it contains conditions in excess of those required.

Error from Allen district court; OSCAR FOUST, judge. Opinion filed January 12, 1909. Affirmed.

*Cook & Gossett,* and *Campbell & Goshorn,* for plaintiff in error.

*Baxter D. McClain,* for defendant in error; *F. W. Casner,* of counsel.

The opinion of the court was delivered by

PORTER, J.: The sole question in this case is if the learned judge of the district court of Allen county erred in approving the following bond:

"*In the District Court of Allen County, Kansas.*

Number 7074.

HENRY G. KAILL, Plaintiff,

　　　　　*v.*

WILBER L. BELL, Defendant.

BOND TO DISCHARGE ATTACHMENT.

"Whereas, on the 29th day of November, 1905, there was filed in the above-entitled action an affidavit stating the amount of plaintiff's claim to be $3784.80, and praying for attachment to issue;

"And whereas, on the same date a writ of attachment was issued out of said court in said action, and certain real estate belonging to the said defendant was levied upon and attached;

"And whereas, the said defendant is desirous of having said attachment discharged by the substitution therefor a bond as provided by paragraph 213 of the code of civil procedure;

"Therefore, know all men by these presents: That

we, F. W. Casner, on behalf of said defendant, as principal, and the National Surety Company, a corporation organized and existing under the laws of the state of New York and authorized to do business in the state of Kansas, as surety, are held and firmly bound unto the said Henry G. Kaill, plaintiff, in the sum of seven thousand five hundred and seventy ($7570) dollars, lawful money of the United States, to well and truly perform the judgment of the court in the above-entitled action, upon the following conditions, to wit:

"First. That the said plaintiff shall prosecute without delay and to final determination the above-entitled action, and will well and truly pay, discharge or refund any and all sums of money, judgment or costs that may be due and payable to the defendant herein, together with all damages due said defendant arising by reason of the said action; and,

"Second. That upon the said defendant's complying and causing to be complied with the above obligations upon his part to be done and performed, that then and in such event this bond shall be null and void, otherwise to be in full force and effect.

"Witness our hands and seal this 25th day of October, 1907.    F. W. CASNER.

NATIONAL SURETY COMPANY,
° (SEAL)    ·By H. P. Fones, Attorney in Fact."

It is contended that the bond is absolutely void because it contains a condition that plaintiff shall prosecute the action, etc., whereas the conditions should require the defendant to perform. Obviously this paragraph of the bond was inserted by mistake, and was taken from a form applicable to a bond given by a plaintiff in attachment. Section 213 of the civil code, under which the bond recites that it is given, only requires a bond "to the effect that the defendant shall perform the judgment of the court."

In the body of this bond it is expressly recited that the parties are held and bound to the plaintiff "to well and truly perform the judgment of the court in the above-entitled action," and all that follows with respect to conditions imposed upon plaintiff must be regarded as mere surplusage. The statute makes no attempt to

prescribe the form of the bond, and in such cases the rule is well settled that a bond which substantially complies with the statute will not be held void because it contains conditions in excess of those required. (*A T. & Santa Fe Rld. Co. v. Cuthbert*, 14 Kan. 212; 5 Cyc. 748, and cases cited.)

It is true, as suggested in the briefs, that the surety is not a party to this proceeding and will not be bound by the judgment; but in the event an action is ever brought against the surety this decision might be cited as, a fairly good precedent to establish the validity of the bond.

The judgment is affirmed.