No. 27,953.

GEORGE BRATTON, *Appellee,* v. A. R. McREYNOLDS and B. P. WELCH,
*Appellants.*

(266 Pac. 31.)

SYLLABUS BY THE COURT.

1. ATTACHMENT—*Wrongful Levy—Liability.* In an action on an attachment bond it appeared that the affidavit for attachment authorized a writ against but one of the defendants in the attachment action. The writ issued by the clerk directed attachment of the property of another defendant, and the sheriff seized his property. *Held,* the plaintiff in the attachment action may not be held liable on the bond for damages occasioned by the conduct of the sheriff unless he counseled, directed or ratified it.

2. SAME—*Attachment Bond—Effect of Failure to State Penal Sum.* In preparing a bond, the blank in the form used for statement of penal sum was not filled, and, ignoring the omission, the expressed obligation of the bond was to pay all damages sustained by reason of the attachment if the order was wrongfully obtained. *Held,* the obligation to pay damages was not vitiated by omission of a penal sum, limited by statute to not exceeding double the amount of plaintiff's claim.

Appeal from Sedgwick district court, division No. 4; ISAAC N. WILLIAMS, judge. Opinion filed April 7, 1928. Reversed.

*Dempster O. Potts, R. G. Bennett* and *Clement F. Clark,* all of Wichita, for the appellants.

*Earl Blake, Harold L. Blake* and *Ralph B. Blake,* all of Wichita, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one by George Bratton to recover on an attachment bond the damages he sustained when his goods were seized on a writ of attachment issued in an action by McReynolds against Joe Bratton, George Bratton and others. Plaintiff recovered, and defendants appeal.

The affidavit for attachment stated grounds for attachment of the property of Joe Bratton only. The statements contained in the affidavit were definite, and disclosed no basis for issuance of a writ against the property of George Bratton. By mistake, the clerk issued a writ commanding the sheriff to seize the property of George Bratton as well as the property of Joe Bratton. The sheriff executed

Attachment, 6 C. J. pp. 167 n. 6, 497 n. 93; 2 R. C. L. 896.

the writ by seizing property of George Bratton as the property of Joe Bratton. The attachment was dissolved on motion of George Bratton because the property belonged to him.

The petition in the present action identified McReynolds with the sheriff's seizure. It alleged McReynolds gave the sheriff written instruction to levy on the specific property which was seized. The court tried the case and instructed the jury on the theory that liability on the bond was created by the wrongful levy, and the only matter for the jury to determine was amount of damages. The pertinent instructions to the jury follow:

"You are further instructed that the attachment has been dissolved, and found to have been wrongful, and that no appeal was taken from the order dissolving this attachment, and that such decision is now conclusive, and that the attachment was wrongfully obtained.

"You are, therefore, instructed that if you find the plaintiff has been damaged in any amount, your verdict shall be for the plaintiff in whatever amount you find that to be.

.    .    .    .    .    .    .    .    .    .    .    .    .    .

"You are further instructed that this is an action to recover on a bond, and that, therefore, the liability of the defendants is a joint liability, and, for that reason, if you find against either of the defendants, your verdict shall be against both the defendants, A. R. McReynolds and the surety on the bond, B. P. Welch."

McReynolds was not obliged to stand beside the clerk and see that a proper writ was issued. It was the duty of the clerk to issue a writ in accordance with the affidavit, and McReynolds could assume the officer would discharge his duty. Likewise, McReynolds and his surety may not be held responsible for the sheriff's conduct unless they counseled, directed, or ratified it. (6 C. J. 496.)

The bond sued on contained a statement of the amount of plaintiff's claim, but the blank in the form used for statement of penal sum was not filled, and the obligation of the bond was expressed as follows:

"Now, therefore, we, A. R. McReynolds and B. P. Welch, hereby undertake to the said defendant in the penal sum of $——— that the plaintiff shall pay to the said defendant all damages which the said defendant may sustain by reason of said attachment, if the order be wrongfully obtained."

The statute reads as follows:

"The order of attachment shall not be issued by the clerk until an undertaking on the part of the plaintiff has been executed by one or more sufficient sureties, approved by the clerk, and filed in his office, in a sum not exceeding double the amount of the plaintiff's claim, to the effect that the plaintiff shall

Bratton v. McReynolds.

pay to the defendant all damages which he may sustain by reason of the attachment, if the order be wrongfully obtained; . . ." (R. S. 60-903.)

McReynolds and his surety contend the bond was without legal effect because it did not comply with the statute. In the article on "Attachment," in 2 R. C. L., at page 896, appears the following:

"The limit of liability of the obligors on a bond given in attachment is fixed by the terms of the instrument; the recovery may not exceed the amount of the penalty of the ·bond, and, therefore, if the penalty is in blank, no recovery can be had."

The case of *Rogers v. Abbot*, 206 Mass. 270, is cited as authority for this statement. In that case the bond was not blank as to penal sum. It expressed a penal sum of $1,000. In the opinion the court said:

"The limit of the defendants' liability as sureties on the bond (and therefore the largest sum for which judgment can be entered) is the penal sum ($1,000) and damages for the detention thereof." (p. 275.)

Nothing was said about liability on a bond blank as to penal sum, and the decision does not support the concluding portion of the text. No other authority is cited.

In the case of *The Louisville, New Albany and Chicago Railway Company v. Lake*, 5 Ind. App. 450, the attachment bond was "in the penal sum of ———— dollars, current money of the United States." (p. 451.) What the other provisions of the bond were does not appear. The court held the bond did not comply with the statute providing for a penalty in at least double the amount of plaintiff's claim, was no bond at all, and the court did not acquire jurisdiction of a nonresident defendant who did not appear and against whom judgment was taken by default. There are other authorities to the same effect. They reveal the slavery of substance to the imperious old master, form, and are disapproved.

The purpose of an attachment bond is to secure payment of damages. Of course there must be a valid obligation to pay damages, but if such an obligation be expressed, and the amount is not limited by statement of a penal sum, the liability is unlimited up to the amount of damages sustained. The statute of this state requires a bond for payment of all damages. The· limitation, "not exceeding double the amount of plaintiff's claim," is for the benefit of the obligors in the bond. They frame the bond, presumably with intention to be bound according to law, and if they do not take advantage of the limitation they waive it.

In this instance the bond recites the amount of plaintiff's claim. Placing the bond beside the statute and reading the two together, as we are privileged to do, intention to be bound in a penal sum not exceeding $2,000 is fairly inferable. But if that intention is not sufficiently expressed, the omission of a penal sum from the bond should be ignored, and the bond should be read, "Undertake to the said defendant that the plaintiff shall pay to the said defendant all damages which the defendant may sustain."

The judgment of the district court is reversed, and the cause is remanded with direction to grant a new trial.