HARTFORD ACCIDENT & INDEMNITY CO. *v*. ILLINOIS EX REL. McLAUGHLIN, DIRECTOR OF AGRICULTURE.

No. 692. Argued March 31, 1936.—Decided April 27, 1936.

156

*Mr. J. F. Dammann,* with whom *Mr. Arthur L. Israel* was on the brief, for appellant.

*Mr. Otto Kerner,* Attorney General of Illinois, and *Mr. Louis Salinger,* Assistant Attorney General, were on the brief for appellee.

MR. JUSTICE ROBERTS delivered the opinion of the Court.

An Illinois statute [1] forbids persons, associations, and corporations to receive, sell, offer, or solicit consignments of farm produce for sale, on commission, within Illinois, unless licensed; requires an applicant for a license to make a showing as to character, responsibility, and good faith in the conduct of the proposed business; and directs that a license must be procured for each location where the business is to be transacted, a fee paid therefor, and a bond, in the sum of $5,000, with satisfactory surety, executed, conditioned on honest accounting and handling of produce received and against fraudulent conduct. Provision is made for the granting and revocation of licenses

---

[1] Smith-Hurd, c. 5, §§ 17–24; Cahill's Ill. Stat. c. 5, §§ 24–32.

by the Director of Agriculture. . A licensee is required to follow certain business methods, to keep records, which are to be subject to inspection, to account and to pay for produce received for sale. The Director is empowered to bring action upon the licensee's bond for the recovery of sums due consignors for goods sold, if payment is not made by the licensee, or for the recovery of damages suffered by consignors as a result of fraudulent acts or wrongful handling on the part of the licensee. Should the penalty of the bond prove insufficient to pay all such liabilities, the consignors are to receive payment of any amount recovered in proportion to their several claims.

The Cross Company took licenses, and the appellant became surety on its bonds, for the years ending July 1, 1932, and July 1, 1933. In October, 1932, the Cross Company became bankrupt and failed to account for numerous consignments of fresh fruits and vegetables. Some were shipped from Illinois but most were from other states. The Director of Agriculture brought actions in a state court on both bonds. The court consolidated the cases and they were tried together on stipulated facts.

The appellant, in addition to defenses raising no federal question, pleaded that the statute was beyond the state's power because a restriction upon, and a regulation of, interstate commerce. Judgment was entered against the Cross Company and the appellant. Both appealed to the Supreme Court of the State, which affirmed the judgment.[2] The appellant summoned and severed the Cross Company and prosecuted an appeal to this court.

The sole question presented is the constitutional validity of the act as it affects the appellant's liability under its bonds. The statute is a police regulation. The business regulated is local, having its situs within the state

[2] *People ex rel. McLaughlin* v. *G. H. Cross Co.*, 361 Ill. 405; 198 N. E. 356.

and being conducted therein. The fact that the commission merchant contracts to sell, and sells, farm produce forwarded to him from points without, as well as points within, the state is not enough to condemn the regulation of a business carried on within her borders.[3]  Such effect as the regulation has upon interstate commerce is indirect and incidental and does not trespass upon the power conferred on Congress by Article I, § 8, of the federal Constitution.  In these circumstances, until Congress, under the commerce power, adopts inconsistent legislation, that of the state remains effective.[4]

The appellant urges, however, that Congress has adopted an act[5] regulating the same business and the Cross Company was required to take a license under that act.  This alone is not sufficient to nullify the state law, if the federal act does not cover the same field, or is consistent with it.[6]  But it is said the state and federal laws are similar in their provisions and, therefore, the exercise by Congress of its paramount power nullifies the state statute.  The federal act requires every person, partnership, association, or corporation, who is engaged in the business of receiving in interstate or foreign commerce perishable agricultural commodities, defined as "fresh fruits and vegetables of every kind and character," for sale on commission, to procure a license from the Secre-

[3] *W. W. Cargill Co.* v. *Minnesota,* 180 U. S. 452, 470; *Ware & Leland* v. *Mobile County,* 209 U. S. 405; *The Minnesota Rate Cases,* 230 U. S. 352, 410; *South Covington & C. St. Ry.* v. *Covington,* 235 U. S. 537; *Hall* v. *Geiger-Jones Co.,* 242 U. S. 539, 557; *Federal Compress Co.* v. *McLean,* 291 U. S. 17; *Chassaniol* v. *Greenwood,* 291 U. S. 584.

[4] *Sherlock* v. *Alling,* 93 U. S. 99; *Pennsylvania R. Co.* v. *Hughes,* 191 U. S. 477.

[5] Act of June 10, 1930, c. 436, 46 Stat. 531.  U. S. C. Tit. 7, §§ 499a–499r.

[6] *Sligh* v. *Kirkwood,* 237 U. S. 52; *Mintz* v. *Baldwin,* 289 U. S. 346.

tary of Agriculture. The act parallels the state statute in respect of the requirements of proper accounting, honest dealing, and prompt remittance. While it provides for awards of reparation by the Secretary of Agriculture for non-compliance with its prescriptions, gives a right of action to consignors and shippers for violation of its provisions, authorizes the revocation of licenses and imposes penalties, thus covering to some extent the same ground as the State law, it does not call for the giving of any bond by a licensee. Moreover, § 15 provides:

"This Act shall not abrogate nor nullify any other statute, whether State or Federal, dealing with the same subjects as this Act; but it is intended that all such statutes shall remain in full force and effect except in so far only as they are inconsistent herewith or repugnant hereto."

Thus the act of Congress not only omits the requirement of a bond, but affirmatively saves the provision of the Illinois act as to that form of security. As respects the bond and the protection thereby afforded to consignors, there is no inconsistency between the two acts and both may be given effect.

The judgment is

*Affirmed.*