No. 36,047

W. E. ELLSWORTH, *Appellee*, v. BLANCHE G. HURT, Executrix of the Will of Virgil E. Hurt, Deceased, ATHERTON F. MESSMORE, VIRGIL E. HURT & COMPANY, *Defendants*, and THE ROYAL INDEMNITY COMPANY, *Appellant*.

(146 P. 2d 365)

Opinion filed March 4, 1944.

*Roscoe W. Graves*, of Emporia, argued the cause for the appellant.

*Everett E. Steerman*, of Emporia, argued the cause, and *Edward H. Rees*, of Emporia, *P. E. Nulton* and *R. L. Letton*, both of Pittsburg, were on the briefs for the appellee.

The opinion of the court was delivered by

DAWSON, C. J.: This action was to recover the price paid for certain blue-sky securities which were never delivered. It differs in one respect only from the cases of *Deruy v. Hurt*, No. 36,046, and *Robinson v. Hurt*, No. 36,052, (*ante*, p. 229) this day decided.

Here the bar of the statute of limitation was raised by Hurt's bondsman, the Royal Indemnity Company. The bond which it furnished to qualify Hurt as a licensed broker of speculative securities contained all the requisites of the statute, including the following:

"Any person having a right of action against a broker or salesman for making a sale in violation of this act shall have a right of action under the bond provided herein: . . .

"Actions may be brought upon this bond at any time, in any court of competent jurisdiction, by or for the benefit of any person, firm or corporation, that shall sustain loss or damage by reason of the breach of the condition hereinbefore contained."

Interpolated between these quoted excerpts of the bond was the following proviso:

"That any suits upon said bond must be filed within one year from cancellation of the license of any broker."

Plaintiff purchased the stocks which were never delivered on March 18, 1940. Hurt's license was canceled on July 10, 1940; and this action against his estate and the indemnity company was begun on March 6, 1942, some twenty months later.

The trial court overruled the indemnity company's demurrer to plaintiff's petition. Hence this appeal.

The statute which sanctions an action against a licensed broker for any violation of his faithful performance duty as a dealer in speculative securities declares that it may be brought within three years (G. S. 1941 Supp. 17-1240), and the faithful performance bond must conform to the statutory obligation of the principal obligor (G. S. 1941 Supp. 17-1230). The indemnity company was aware of the statutory requirement that a licensed broker in speculative securities must furnish a bond for faithful performance of all his dealings in such securities, and that he was liable for any breach of his brokerage obligations at any time within three years from the date they were undertaken or transacted. The indemnity company undertook to supply the statutory bond, and it cannot escape the full extent of its statutory undertaking on the excuse that it had inserted in the bond a provision that an action on the bond must be filed in any less time than the statute allowed.

This court has held that when a statute requires a bond to be given and a bondsman undertakes to furnish it, the obligation of the bond which is imposed by the statute is read into the terms of the bond, and any of its text at variance with the statutory requisites is ignored. Such is the doctrine of the notable case of *Barber County Comm'rs v. Lake State Bank*, 122 Kan. 222, 226-227, 252 Pac. 475. Likewise, in *Duke v. National Surety Co.*, 130 Wash. 276, 227 Pac. 2, it was held that conditions in a statutory bond which are repugnant to the statute are to be treated as surplusage.

See, also, *A. T. & Santa Fe Rld. Co. v. Cuthbert*, 14 Kan. 212; *Kaill v. Bell*, 79 Kan. 358, 99 Pac. 593; *Farmer v. Rutherford*, 136 Kan. 298, 15 P. 2d 474; *Fairmont Cement Stone Mfg. Co. v. Davison*, 122 Minn. 504, 142 N. W. 899, Ann. Cas. 1914 D, 945-949; *Salo v. Pacific Coast Casualty Co.*, 95 Wash. 109, 163 Pac. 384, L. R. A. 1917 D, 613; *Bunker v. United States Fidelity & Guaranty Co.*, 72 F. 2d 899; *The People v. Cross Co.*, 361 Ill. 405, syl. ¶ 10, 198 N. E. 356, affirmed in 298 U. S. 155; 5 Fourth Dec. Dig., "Bonds," § 50, 489-491.

The judgment is affirmed.